## REED v. TOWN OF CALAIS.

*Sufficiency of Notice of Injury upon Highways.*

The notice of injury upon a highway was, that the plaintiff claimed damage of the town for injuries done himself and team *in the highway near the residence of Franklin Rideout" on the 6th day of March, 1874. The only road passing directly by R's house was a hill road running northeasterly. A road called the Branch road intersected the hill road northeasterly of said house. Said house was the last one on the hill road south of its intersection with the Branch road. The first house on the hill road south of said house was eighty rods therefrom. The place of injury was on the hill road, forty-three rods from R's house. Twenty-six rods from the place, the Branch road separated from the hill road, and ran within thirty-five rods of said house. *Held,* that the notice did not sufficiently designate the *place where* the injury was received.

CASE for injury on a highway. Plea, the general issue, and trial by jury, March Term, 1875, REDFIELD, J., presiding.

The plaintiff seasonably notified the selectmen that he claimed " damage of the town of Calais for injuries done myself and team in the highway near the residence of Franklin Rideout on the 6th day of March, A. D. 1874."

It appeared that the only road passing directly by Rideout's house, was a hill road running northeasterly ; that there was another road about forty rods east of Rideout's house, called the Branch road, that intersected the hill road northeasterly of Rideout's house ; that Rideout's was the last house on the hill road south of its intersection with the Branch road, and that the first house on the hill road south of Rideout's, and some eighty rods from it, was one Peck's. The other facts are stated in the opinion.

The defendant objected to the notice, for that it did not sufficiently designate the place where the injury was claimed to have been received, and the court sustained the objection, *pro forma*, and directed a verdict for the defendant ; to which the plaintiff excepted.

*Fifield, Pitkin & Porter*, for the plaintiff, cited *Law* v. *Fairfield*, 46 Vt. 425 ; *Babcock & wife* v. *Guilford*, 47 Vt. 519 ; *Lapage* v. *Fairfield*, Lamoille County, August Term, 1874, not reported ;

*Wiley* v. *Berlin*, Washington County, August Term, 1874, not reported.

*C. H. Heath*, for the defendant, insisted that the notice did not sufficiently designate the place where the injury was received.

The opinion of the court was delivered by

BARRETT, J. Though the notice in this case is very meagre in substance in several respects, we are disposed to consider the question of its sufficiency only with reference to the designation in it of the *place* where the alleged injury was received. It is plain from what is contained in the bill of exceptions and from the plan of the locality, that the place of the accident was capable of a much more specific and pointed designation. Only one object is named with reference to the place — the dwelling-house of Rideout; and the place is said to be near that house, in the highway. It is shown to have been forty-three rods from the house. Twenty-six rods from the place, the Branch road separates from the one on which the place is, and runs within thirty-five rods of that house. Now it is to be noticed that while these facts were obvious and prominent, the notice omits to say on which highway or on which side of Rideout's house, or to make any reference to the separation of the Branch road from the other.

When the place is said to be near an object named, the first impression would ordinarily be that it is nearer to that than to any other prominent and equally important object as marking a specific point on a highway. In view of all this, it seems to us that the notice did not point to the place answerably to the idea and requirement of the statute in this behalf. Taking the notice and going forth to find the place, one would be quite as likely to be hindered as helped by it in trying to determine the precise point.

The action of the legislature on this subject, in the acts of 1870 and 1874, shows the public idea and policy in the matter; and the course of discussion and decision in the courts during that time, has been conformable to that idea and policy. Individual cases have presented peculiarities that have affected the application of the statute to the particular case; but the idea has been

prominent, that the notice should point as directly and plainly to the place as is reasonably practicable, having regard to its character and surroundings. We are not at liberty to relax in this respect, as we certainly should do if we should hold this notice sufficient.

Judgment affirmed.