## PURRINGTON v. TOWN OF WARREN.

*Sufficiency of Notice of Injury upon Highway.*

·The notice of injury upon a highway was, that the plaintiff claimed damage for injuries done to himself "on the highway near the widow Ira Grandy's dwelling house, a short distance easterly on the road from said house." The injury was received on a road leading easterly from a point on the river road below Warren village through Grand Hollow, to Fayston, from which road, at a point about twenty-three rods west of the place of injury, a branch road led in a northeasterly direction as an open road to the house mentioned in the notice, and beyond that point.as a pent road. The house was about eighteen rods in a northwesterly direction from the place of injury, and separated therefrom by the field lying within the angle formed by the two roads. *Held*, that the notice did not sufficiently designate the *place where* the injury was received.

CASE for injury upon a highway. The case was tried at the September Term, 1875, REDFIELD, J., presiding, on an agreed statement of facts.

The notice stated that the plaintiff received the injury in question "while travelling on the highway in the town of Warren near the widow Ira Grandy's dwelling-house, a short distance easterly on the road from said house, on account of a defect in the said highway;" and the plaintiff claimed that the injury was occasioned by defects in the road at and near a wooden sluice across the road.

The facts agreed upon were, that the injury was received on a road leading westerly from a point on the river road below Warren village, through Grand Hollow, in Warren, to Fayston and Waitsfield; that about twenty-three rods westerly from the place of injury, a road led from the Grand-Hollow road in a northeasterly direction, and extended as an open road to the dwelling house of the widow Ira Grandy, and beyond that point as a pent road, and that it was about eighteen rods from the said dwelling-

house across the field lying in the angle formed by the two roads, to the place where the injury was received.

The defendant objected to the notice, for that it did not sufficiently designate the place where the injury was received; but the court overruled the objection and held the notice sufficient; to which the defendant excepted.

*Gleason & Field*, for the defendant, cited *Law* v. *Fairfield*, 46 Vt. 425; *Babcock and Wife* v. *Guilford*, 47 Vt. 519; *Reed* v. *Calais*, 48 Vt. 7.

*Carpenter & Plumley*, for the plaintiff, cited *Law* v. *Fairfield*, 46 Vt. 425; *Underhill* v. *Washington*, 46 Vt. 767; *Babcock and Wife* v. *Guilford*, 47 Vt. 519.

The opinion of the court was delivered by

BARRETT, J. The notice in question must be regarded as not answering the requirement of the statute. All the reasons on which the decision in *Reed* v. *Calais*, 48 Vt. 7, was made, apply with quite as much point and force against the sufficiency of the notice in this case as in that. Nothing useful would accrue by repetition or by amplification of those reasons. The case being made up by an agreed statement of facts, the judgment is reversed; and as the present decision is conclusive against the right of plaintiff to maintain an action for the cause alleged, judgment is rendered for the defendant.