## RANNEY v. TOWN OF SHEFFIELD.

### *Sufficiency of Notice of Injury upon Highway.*

The notice of injury upon a highway was, that plaintiff claimed damage of the town for injuries to himself and his team, on October 13, 1873, "at a certain bridge" on the highway in question, "located between William Mitchell's and Hugh Mitchell's." The houses of the Mitchells were about one hundred rods apart, and there were two bridges between them, about twenty rods apart. The bridge on which the injury was received was a log-and-pole bridge, and the other, and larger, a plank bridge. Plaintiff had been accustomed to pass over the road frequently — knew it well, and knew the facts above stated in regard to the two bridges. *Held*, that the notice sufficiently designated the *place where* the injury was received.

CASE for injury upon a highway. Plea, the general issue, and trial by jury, June Term, 1876, Caledonia County, Ross, J., presiding.

The plaintiff seasonably notified the selectmen that on October 13, 1873, as he was travelling with horse and wagon over the highway in Sheffield leading from his house to John Page's, his horse broke through "a certain bridge" in said highway, "located between William Mitchell's and Hugh Mitchell's," injuring the plaintiff and his horse and breaking his carriage. It appeared that the houses of the Mitchells were from ninety to a hundred rods apart; that there were two bridges between them, one a log-and-pole bridge, and the other a larger bridge of plank; and that the injury in question was received at the former of the two bridges. It further appeared that the plaintiff was accustomed to pass over the highway in question frequently; that he knew it well, and knew that there were two bridges between said houses; and that he had previously lost another horse at the larger bridge. On the foregoing facts, the court held the notice sufficient; to which the defendant excepted. During the trial, but after that ruling of the court, it appeared that the highway surveyor, having heard of the accident, found the bridge where the injury was received, on the next day after the accident, and removed the covering of poles, and put on plank.

*Dickey & Blodgett ( O. T. Brown* with them), for the defendant, cited *Law* v. *Fairfield,* 46 Vt. 425 ; *Underhill* v. *Washington,* 46 Vt. 767 ; *Babcock et ux.* v. *Guilford,* 47 Vt. 519 ; *Reed* v. *Calais,* 48 Vt. 7.

*Belden & Ide ( William W. Grout* with them), for the plaintiff, cited Ross, J., in *Law* v. *Fairfield,* 46 Vt. 425 ; *Babcock et ux.* v. *Guilford,* 47 Vt. 519.

The opinion of the court was delivered by

WHEELER, J. The cases heretofore decided upon this statute, all seem to be reconcilable with each other, and with the decision of the County Court in this one. *Law* v. *Fairfield,* 46 Vt. 425,

and *Babcock & Wife* v. *Guilford*, were both cases where, as they were presented, the notices merely pointed out long lines of road without specifying any places in the lines as the places of injury. The notices in those cases were insufficient because they did not point out any place as the place of the injuries within the meaning of the statute. In *Reed* v. *Calais*, 48 Vt. 7, and *Purrington* v. *Warren*, Washington County, August Term, 1876,* the notices were not good because the places of the injuries that the plaintiffs claimed on trial to recover for, were not the places specified in the notices. In the former case, the place was named in the notice as being near the residence of Franklin Rideout; but on the trial, the place shown by the evidence was not near his residence, but was near several other prominent objects. In the latter case, the place was specified in the notice as being near the widow Ira Grandey's dwelling-house, easterly on the road from said widow Grandey's house. The injury proved on trial was, not on that road, but on another road near by. In *Willey* v. *Berlin*, Washington County, August Term, 1874, the notice specified the road, and then the place of injury on the road, as being below Albert Warren's in the town of Berlin. The proof on the trial showed the place of injury to be on that road below Albert Warren's in Berlin, as specified in the notice, so there was no variance between the notice and the proof; and it also showed that there was considerable space of road below Warren's in Berlin that would be included in the place named in the notice, and that there were several other objects as prominent as Warren's, nearer than his place to the point of injury, so that the plaintiff could have been more specific than he was. Still, the space of road covered by the notice was not so great, nor was the fact that the plaintiff could have been more specific so controlling, that the County Court erred in law, in holding the notice sufficient. In this case the notice specifies the road and the place of injury on it as being at a certain bridge between William Mitchell's and Hugh Mitchell's. The proof on trial shows the injury to have been on that road at a bridge between William Mitchell's and Hugh Mitchell's. So there is no variance between the notice and

*Ante, 19.

the proof. But when the proof is all in, it shows that there were two bridges on that road between William Mitchell's and Hugh Mitchell's, either of which would answer the specification in the notice; and that the plaintiff could have been more definite in his notice specifying which bridge. Still, the County Court held the notice sufficient. There is no claim made that there was any error in not submitting the question to the jury, with instructions; so the only question submitted to be decided here is, whether there was error in law in the finding and holding by the County Court upon the proof that the notice was sufficient. If the space covered by the notice should be said to be the two bridges and the whole twenty rods between them, it would not be a long line of road, merely, as those were in *Law* v. *Fairfield* and *Babcock & Wife* v. *Guilford*, and would be considerably less in extent and more definite than that in *Willey* v. *Berlin*. But the notice cannot be justly said to cover the whole twenty rods and the bridges, for it excludes all but the bridges. This space covering the two bridges cannot be held to be so great or so indefinite as to make the decision of the County Court upon it erroneous in law, without overruling the decision in *Willey* v. *Berlin;* and it may be held definite enough to warrant the decision of the County Court, without conflicting with the decision in any other case. These considerations cover the greater part of the effect of the fact that the plaintiff had information that would enable him to specify the place more definitely than he did. There could hardly be a specification so definite that it could not be made more so in some respects. The party should go in definiteness, in this respect, as far as he can to a reasonable degree. This is all that is required by the decision in *Reed* v. *Calais*. What is a reasonable degree, must rest somewhat with the tribunal that decides questions of fact; and to that extent, the decisions are not revisable on error. So far as the question is one of fact, the County Court has held the notice sufficient. That the notice is not insufficient, as matter of law, merely because the plaintiff could have been more definite, appears also from the decision in *Willey* v. *Berlin*. From these considerations it appears that there was no error in the decision of any question of law by the County Court in any respect complained of.     Judgment affirmed.