GENERAL TERM, 1883.

[CONTINUED FROM PAGE 82, *ante.*]

EDWIN D. HARRIS *v.* TOWN OF TOWNSHEND.

*Highway Notice. Effect of Repeal of Statute allowing Damages. R. L. s. 28. Act of 1880, No. 62.*

1. The notice, *q. v.*, pointed as plainly to the place where the accident happened as was reasonably practicable: and was, therefore, sufficient.
2. Under the statute, R. L. s. 28, which provides that the repeal of an act shall not affect "a right accruing, accrued, acquired, or established." the repeal of the statute allowing damages for injuries on the highway, did not affect an existing cause of action, although the suit had not been commenced.

ACTION to recover for injuries received while traveling on the highway. Trial by jury, September Term, 1882, Windham County, ROWELL, J., presiding. Verdict for the plaintiff. The accident, resulting in the damage sued for, occurred January 14th, 1876. This suit was commenced January 13th, 1882. The defendant filed a motion to dismiss the cause, on the ground that "there is no law or authority for prosecuting" the same. The court overruled the motion, and held that, notwithstanding the St. of 1880, the plaintiff could maintain his action.

Notice: "I met with an accident upon the highway or road leading from the covered bridge across the West river, by the dwelling-house of Henry A. Scott to the mills of the Eddy Brothers; said mills being owned and occupied by said Eddy Brothers for the manufacture of chair stock. That said accident occurred upon that portion of said highway which lies between said Eddy Brothers' mills and the junction of the road which leads from said highway to Leroy Snow's and Lot Barber's dwelling-houses, and about midway of said distance, and in the

steepest portion of said highway between said junction and said mills. Said highway where said accident occurred was narrow, icy, and had no railing or protection to guard against the embankment towards the stream near said highway, and was slanting towards said bank or stream."

The court found, as to the notice, that the distance from Eddy Brothers' mills, on said road, to the junction of the road which leads from said road to Leroy Snow's and Lot Barber's dwelling-houses, is 66 rods. The distance from the junction of said road with the road leading to said Snow's and Barber's dwelling-houses to the place where the accident occurred is 16½ rods. The distance from the place where the accident occurred to said Eddy Brothers' mills, is 50 rods. On said highway, where the accident occurred, there were two hills or pitches, the second of which was about            distant from the first one, where the accident occurred, and is so much nearer the Eddy Brothers' mills, than the first pitch.

The grade of the first pitch, where the accident occurred, is somewhat steeper than that of the second. The next day after the accident, and while the plaintiff's wagon was remaining down the embankment, near to and in sight of the road, where it was precipitated, two of the then selectmen of the town and others, and several days before the notice was delivered, went over this road, and saw the wagon there, and thus knew the point where the accident occurred.

*A. Stoddard* and *C. B. Eddy*, for the defendant.

The St. of 1880 took effect May 1st, 1881. This statute declares that the " repeal shall not affect any pending suit." It follows that what is not named in the saving clause, must be excluded. *Expressio unius est exclusio alterius.* STORY, J., in 3 Story, C. C. 87. The Revised Laws took effect August 1st, 1881. The plaintiff's dead right could not be revised by section 28. His right was not *vested* but *inchoate*. *Sumner* v. *Cummings*, 23 Vt., 427; *Platt* v. *Jones*, 25 Vt. 303; *Hine* v. *Pomeroy*, 39 Vt., 211. Inchoate rights, generally, derived under a statute, are lost by its repeal, unless expressly excepted. 1 Hill, 324;

3 Burr. 1456; 31 Wis. 257; *Springfield* v. *Worcester*, 2 Cush. 52; 13 How. 429; 15 N. Y. 152; *People* v. *Livingston*, 6 Wend. 526. As to the notice, *see White* v. *Stowe*, 54 Vt. 510; *Butts* v. *Stowe* 53 Vt. 600; *Underhill* v. *Washington*, 46 Vt. 767.

*E. L. Waterman* and *L. S. Walker*, for the plaintiff.

The notice was sufficient. *Bliss* v *Whitingham*, 54 Vt. 172; *Rogers* v. *Swanton*, Ib. Vt. 585; *Pratt* v. *Sherburne*, 53 Vt. 370; *Reynolds* v. *Burlington*, 52 Vt. 300. The court ruled correctly as to the motion to dismiss. The legislature by repealing an act cannot cut off an accrued right. R. L. s. 28; *Starksboro* v. *Hinesburg*, 13 Vt. 215; *Hine* v. *Pomeroy*, 39 Vt. 211; 1 Bl. Com. 46; 1 Kent Com. 455; Bac. Ab. tit. St. E. 9, 228; *Whitman* v. *Hapgood*, 10 Mass. 437; 19 Pick. 578; *King* v. *Tirrell*, 2 Gray, 331. *See* 48 Vt. 302; 39 Vt. 211; 33 Vt. 283; 25 Vt. 303.

The opinion of the court was delivered by

Royce, Ch. J.  An exception was taken upon the trial to the ruling of the court that the notice given to the defendant town was sufficient.  The defect complained of was that it did not sufficiently describe the place where the accident happened. It was conceded the question was one for the court to determine. From what appears in the exceptions, we think the ruling was correct.  The notice pointed as plainly and directly to the place where the accident happened, as was reasonably practicable, having regard to its character and surroundings; and this is all that has ever been required. *Reed* v. *Calais*, 48 Vt. 7; *Bean* v. *Concord*, 48. Vt. 30. The question made by the motion to dismiss, is one not free from doubt, and upon which there does not seem to be any express authority in this State. The effect of repealing statutes upon pre-existing causes of action has been frequently considered by the courts of England and this country; and certain rules have become well established that are applicable to certain classes of actions,—such as the right given by statute to sue for and recover penalties, and the right

of the State to prosecute for the commission of statutable offences. The unconditional repeal of the statute, which conferred the right to sue for the penalty, constitutes a legal bar to the prosecution of any such suit; and a like repeal of the statute constituting an offense, suspends the right of the State to prosecute for its commission. Here, it is claimed that the plaintiff had a vested right to compensation, and hence the legislature had no constitutional power to divest him of that right. What constitutes a vested right has always been a vexed question, and no definition applicable to all claims of that character has been promulgated; and it is probably impossible to give one that would be. The question has often been considered in construing laws affecting the remedy for the enforcement of rights. Where the right is admitted, it is familiar law, that the method and mode of its enforcement may be modified and changed by legislative enactment; but the party having the right cannot be constitutionally deprived of all remedy for its enforcement. We do not find it necessary in this case to decide whether the plaintiff had any such vested right, as the statute, passed in 1880, would be inoperative to deprive him of or not. The right of the plaintiff to maintain the action is preserved by Sec. 28 of chap. I., R. L. That provides that the repeal of an act shall not affect a right accruing, accrued, acquired, or established, before the time when the repeal takes effect. Immediately upon the happening of the accident, the plaintiff acquired the right to demand compensation of the town for the damage sustained; his ability to enforce that right was dependent upon his ability to prove that he had given the notice required to the town, that the highway was one that the town was under obligation to keep and maintain in repair, that it was out of repair, and that his own negligence or want of care, did not contribute to the happening of the accident.

His right of action had accrued. His right to recover was dependent upon the proof to be made. He had no perfected right to compensation, and could have none, until the questions, upon which the liability of the defendant town depended, should

be legally determined. His right was not an inchoate one in the sense in which the word is used in some of the cases, where it has been held that an inchoate right was lost by the repeal of a statute. His right was as perfect as any can be, where the question of its enforcement is open to contention and litigation. Where a corporation appropriates the property of a citizen under a statute conferring the authority, .the repeal of the statute giving the authority does not affect the right to compensation for the property so appropriated. Here the plaintiff suffers damage to his property, in consequence of the non-feasance of the defendant town. Upon principle, it would seem that the right of a party to compensation, where he has suffered in property or person, should not be affected by the repeal of the statute imposing the liability, any more than it does where the party had been damnified by some positive act of the corporation. The language of the above section, we think, comprehends rights of this character ; and it is evident to us that the legislature did not intend, that claims for damages, resulting from the negligence of towns, should be barred by the repeal of the law which prescribes their duty and their liability, if they neglected to perform it.

The judgment is affirmed.