FRANKLIN RIFORD *v*. THE TOWN OF ROCHESTER.

*Evidence.*

Notwithstanding a party may knowingly falsify in his testimony upon a material point; yet, his testimony would be in the case, and to be considered by the jury, and might, from the manner it was given, its inherent probability, and its consistency, be convincing; and if so, he would be entitled to have the fact of which it was convincing, found.

CASE for injury on a highway. Trial by jury on the assessment of damages, December term, 1873, BARRETT, J., presiding. The court charged the jury, among other things not excepted to, as follows:

" Mr. Riford has testified, giving an account of himself through life, down to the present time. It is claimed that he has testified falsely in giving that account of himself, in that he testified that down to the happening of this accident, he never had been afflicted with any disease to take note of, excepting that breach, that hernia, that troubled him in '69. It is claimed to be proved before that, in 1865, and into 1866 and '67 (you will gather how that was), that he was seriously afflicted with syphilis; so much so as, to a considerable extent, to disable him from business; so much so as to be noticed by people associated with him ; so much so as to call for medical treatment, and that he had more than one doctor ; exhibiting the indications of disease not only to the physician, but to some of his friends out of the profession, carrying some of the marks of the disease in his face and in his hair ; that the disease had gone on to such an extent as to be what they call constitutional, that is, affecting the system throughout. It is said that in that respect, he falsified. Well, I call your attention to that in this stage of what I am saying to you, in this view ; where you are satisfied that the witness has falsified in giving his testimony in the case, he is not entitled to claim to be credited in relation to anything that he testifies in the case ; that is to say, the fact that he has committed perjury in any particular in the case, discredits him for all purposes as a witness in the case in which he testifies. That is the idea of the law. So that, if the witness thus discredits himself by swearing falsely as to any material thing in the case, he cannot claim to be believed on the score of

his own credibility, in anything else that he testifies. Nevertheless, though you may believe that a witness thus discredits himself by testifying falsely, you may believe other things that he testifies in the case; not on the ground of any credit you may give to him, but because what he testifies in other respects, is corroborated by other evidence in the case; you don't believe it because he swears to it, but you believe it because what he swears to is sustained by other evidence in the case. That is the ground upon which you will give credit to anything that a discredited witness (by swearing falsely) testifies to."

To the charge as above detailed, the plaintiff excepted.

*J. J. Wilson* and *J. W. Rowell*, for the plaintiff.

That part of the charge to which exception was taken, entirely withdraws from the consideration of the jury, all the plaintiff's testimony in the case    It forbade them to believe him upon any point, however much conviction of truth his testimony might carry to their minds, and assumed a rule of law unknown before. The jury are the sole judges of the credit due to a witness; and although the law dictates that he who wilfully falsifies upon a material point, should be believed with caution, if at all; yet, it is for the jury to say whether, under all the circumstances, they will believe him upon other points to which he testifies. *Forbes et al.* v. *Davidson*, 11 Vt. 671; *State* v. *Roe*, 12 Vt. 110; *State* v. *Croteau*, 23 Vt. 14; *Sawyer* v. *Phaley*, 33 Vt. 69; *Weeks* v. *Barron*, 38 Vt. 420; *Webb* v. *Richardson*, 42 Vt. 471; 1 Greenl. Ev. § 49.

*Webber* and *Denison*, for the defendant.

The court did not err in charging the jury that where a witness thus discredits himself by swearing falsely as to any material thing in the case, he cannot claim to be believed on the score of his own credibility, in anything else that he. testifies. This is the whole import of the charge on this point, all which should be taken together. *Sutton* v. *Burnett*, 1 Aik. 208; *Hargraves et als.* v. *Miller's admx.* 16 Ohio, 338; *Troxdale et als.* v. *The State*, 9 Hump. (Penn.) 411; *Brennan et al.* v. *The People*, 15 Ill. 511; *Smith* v. *The State*, 23 Ga. 297; *Burtus* v. *Tisdall et al.* 4 Barb. 571; Gen. Sts. ch. 115, § 5.

The opinion of the court was delivered by

WHEELER, J.   The charge in this case seems to carry the idea that if the plaintiff should be found to have falsified in one material particular, that fact would so far impair the quality of his testimony as to all other matters, that it would not be sufficient, alone, to find any fact from.   But his testimony, if that fact was so found, would still be in the case, and would be to be weighed and considered, and notwithstanding such impeachment, might, from the manner in which it was given, from its own inherent probability, or from its consistency, be convincing.   If it should be so, then he would have the right to have any fact that it was convincing of, found from it   None of the facts of the case are stated, to show the importance of this ruling, otherwise than as they are assumed to have been in that part of the charge given. As the case is so assumed to be, this right to have his testimony considered may have been, and probably was, important to the plaintiff.

Judgment reversed, and cause remanded.