## WASHBURN v. TOWN OF WOODSTOCK.

*Injury upon Highway.*

Loose stones in a highway do not, by reason of the statute requiring their monthly removal, as matter of law, constitute an insufficiency in the highway. What constitutes an insufficiency in a highway is matter of fact, to be determined by the jury under proper instructions.

CASE for injury upon a highway. Plea, the general issue, and trial by jury, December Term, 1876, POWERS, J., presiding.

It appeared from the plaintiff's evidence that on August 6, 1875, he was passing along the highway between Woodstock and

Barnard ; that a portion of the travelled surface of said highway was covered with a large quantity of cobble stones, some of which were as large as a quart cup, and others much smaller; and that while passing over that portion of the highway, his horse stepped on one of these stones and broke one of his legs, in consequence of which the plaintiff was obliged to kill him. The defendant produced the highway surveyor as a witness, who testified that he went over the highway in question on July 14, and again on August 3, and removed the loose stones; but did not deny that there was a large quantity of loose stones in the highway at the time of the accident. It further appeared from defendant's testimony that it rained all day on August 3, and a little the next two days; and that the soil in the highway was such that heavy rains had the effect to wash it away, and uncover loose stones. Defendant introduced evidence tending to show that plaintiff's horse had some trouble forward that made it liable to stumble and unsafe to drive. The plaintiff introduced several witnesses who testified that they were accustomed to pass over the highway in question several times a week, that they passed over it on the day of the accident, and that the stones had been in the highway several weeks, as they were on the day of the accident.

The plaintiff requested the court to charge that if there were loose stones in the travelled portion of the highway, it was such a want of repair as would render the town liable for all injuries occasioned thereby ; and that if the jury found that there were loose stones in the highway at the place of the accident, and that the accident happened by reason of their being there, and without fault on the part of the plaintiff, then the plaintiff would be entitled to recover. The court refused to charge as requested by the first request, and in relation to the subject-matter of the second request, charged,

That when the Legislature passed the act requiring highway surveyors once in each month to examine their highways, and throw out all the loose stones that might be found therein, it was not intended that that act, in and of itself, should absolve the town from any further attention or care or watchfulness over its highways, or relieve them from any liability in case an injury should occur thereon, but that it was rather passed for the pur-

pose of adding to the care and diligence that the town was bound to exercise; that it was noticeable that the statute ran directly to the highway surveyor, and imposed a special duty upon him, for the neglect of which he was personally answerable in a penalty; that, on the other hand, it could not be held as matter of law, that the loose stones in the highway were of themselves necessarily an insufficiency, for the reason that the soil might be so stony that it would be impossible to keep the stones out without importing a new soil; that it would be a harsh rule that would impose such a duty upon towns; and that unless the stones were, under all the circumstances of the case, an insufficiency in the highway, the plaintiff could not recover.

To the refusal to charge as requested, and to the charge as given, the plaintiff excepted. Verdict for defendant.

*Norman Paul*, for plaintiff, cited *Green* v. *Danby*, 12 Vt. 338; *Kelsey* v. *Glover*, 15 Vt. 708; *Young* v. *Wheelock*, 18 Vt. 493; *Rice* v. *Montpelier*, 19 Vt. 470; *Prindle* v. *Fletcher*, 39 Vt. 255; *Morse* v. *Richmond*, 41 Vt. 435; *Clark* v. *Corinth*, 41 Vt. 449; *Ozier* v. *Hinesburgh*, 44 Vt. 220; *Durgin* v. *Danville*, 47 Vt. 95.

*William E. Johnson*, for defendant, cited *Cassedy* v. *Stockbridge*, 21 Vt. 391; *Willard* v. *Newbury*, 22 Vt. 458; *Prindle* v. *Fletcher*, 39 Vt. 255.

The opinion of the court was delivered by

WHEELER, J. In this case the jury, under a proper charge in that respect, have failed to find that the loose stone that caused the injury to the plaintiff's horse, constituted an insufficiency in the highway in fact, according to the ordinary requirements. But it is insisted for the plaintiff that the statute in relation to the removal of such stones from highways, makes the presence of them there an insufficiency in law, for which the town is liable if they in fact occasion damage. It is not necessary, in order to decide upon the soundness of this position, to determine what the effect would be if, as the plaintiff's counsel claim, the statute absolutely required that roads should be kept clear of loose stones, for the statute does not so require. It does require them to be cleared as often as once a month, but not as much oftener as is

64

necessary to keep them clear. The law may be' fully complied with and still there be at times loose stones in the highways. When that is the case, the stones are no more unlawfully there than anything else would be that does not cause an insufficiency in fact. What does cause an insufficiency in fact is always a question of fact to be determined by the jury under proper instructions from the court. This was very distinctly held in *Sessions* v. *Newport*, 23 Vt. 9, and has been so held many times since, and once upon this circuit. It may be that if the law should absolutely require certain things to be done about the roads, or that they should be kept in certain specified conditions, travellers would have the right to rely upon the things being done or the conditions maintained ; and if they should do so and be injured by the want of either without their fault, the town would be liable, although the want might not be an insufficiency according to ordinary apprehension. But here the law only requires absolutely that they shall be cleared as often as once a mouth ; and as that appears to have been done, there was nothing left that the law required more than that the town should keep the road in good and sufficient repair. The plaintiff could not recover on account of any failure of the defendant to comply with that requirement, and consequently was not entitled to recover at all.

Judgment affirmed.