## SALLY S. BLISS v. TOWN OF WHITINGHAM.

### Injury on Highway. Notice. Margin.

1. The notice, as to the place of the accident, was: "at a point in said highway about six feet southeasterly from the southeast corner of the Sadawga House, occupied by William L. Robinson & Son, as a hotel in the village of," &c.; and as to the insufficiency of the highway: "there were stones and sticks left in the travelled part of said highway in such a manner as to render the same unsafe and out of repair." *Held*, sufficient; and that actual measurements are not required.

2. The obstruction was placed in the highway by one to protect the corner of his piazza. *Held*, that it was for the jury to determine whether done in a proper manner.

3. Charge to the jury as to the duty of towns in keeping the margin of the highway in repair, sustained.

ACTION, for injury to the plaintiff by reason of an alleged insufficiency in a highway which the defendant was bound to keep in repair. Plea, the general issue. Trial by jury; verdict for the plaintiff, March term, 1880, Windham County, VEAZEY, J., presiding.

The following is the notice as to the description of the place of the accident, and the defect in the highway:

"At a point in said highway about six feet southeasterly from the southeast corner of the Sadawga House, occupied by William L. Robinson & Son as a hotel, in the village of Sadawga, in said town of Whitingham; that said highway at the place aforesaid was insufficient and out of repair in the following respects: that there were stones and sticks left in the travelled part of said highway in such a manner as to render the same unsafe and out of repair."

The court charged as follows as to the defect in the highway:

"The occupant of the hotel had a right to protect his piazza against being run on to by teams, in a proper way; and it is for you to say whether that was a proper way to do in view of the rights and obligations of the town. He undoubtedly would have had a right to put a post, or block of wood, or a stone, against or at the corner or front of his piazza, that could have been seen; and it might not have been a defect although it projected into the

highway. But the claim on the part of the plaintiff is, that this was not a block or post standing up there that could be seen, and therefore avoided; but they have described it in their evidence, and claimed that it was a smallish stone or long stone projecting a few inches above the surface of the snow and ice, and it was at that time covered with snow; that snow was then falling and covered it partly so that it could not be readily seen; and that being such a kind of a stone, and lying there in that way, not observable readily if at all, they claim that it amounts to a defect in that highway.

The other side claims that it does not amount to one; that it was put there at the corner for this proper purpose, and so close to the corner that it should not be regarded as a defect in the highway.

You are to take into the account all the evidence bearing upon this obstruction, as to what it was, how large it was, where located, and bearing in mind the amount of travel that there was around that road, and around that corner running up to these places—in other words, bearing in mind the importance of the road there—and you are to say upon all this evidence, whether or not this was an insufficiency, a defect in the highway. You will bear in mind what I have already alluded to in another connection, the differences between what would be an insufficiency in a crowded thoroughfare or in a village and in a back road, a road but little travelled. You are to bear that in mind also in this connection and upon the whole say whether this stone constituted an obstruction in view of all these facts and circumstances."

As to the duty of the town to keep the margin of the road in repair, as follows:

"Assuming, now, that the west line of that road runs right straight along across the road that goes up to the hotel, and that that road does'nt diverge and go up past the south side of the hotel; but assuming that it goes straight along by there, the public have for many years used that margin to pass over on to the way that led up to the hotel, store, post-office, law office and scales, and on west to the Stimpson road, as it was called. It was some over two rods wide at the corner." . . . "That is, the public had used the whole of it, close up to the hotel. The travelled way extended close up to the piazza of the hotel. They had so used it in order to go to and from public places of business; and the convenience of its use to pass over by the public was so great, and it had been enjoyed for so long a time; and it had not only been used to go in and out to and from these places of business, but

had been used as a thoroughfare to some extent through to the Stimpson road, so called, and sometimes exclusively, when the Stimpson road was blocked with snow along by the meeting-houses : not because it could not be ploughed out along there as well as this road, so far as appears, but because this was kept open. I repeat, it had been so used and for such purposes so long, it became the duty of that town to keep that outer margin in good and sufficient repair or condition to pass over, in reference to this use, and in reference to such accidents as might fairly be expected to occur in such use. This duty arose not because the public had so used it for fifteen years, and thereby had gained a prescriptive right to the way south to the hotel, as against the owner, but on the ground above indicated. The westerly edge of the road had become the travelled track, in effect, in passing from that road to the store, &c."

Several exceptions were taken to the ruling of the court below ; but these are unimportant in view of the decision of the Supreme Court.

*Davenport & Eddy* and *A. A. Butterfield*, for the defendant.

Notice was insufficient. *Holcomb et ux.* v. *Danby*, 51 Vt. 428 ; *Dow* v. *Fairfield*, 46 Vt. 425 ; *Underhill* v. *Washington*, Ib. 767 ; *Babcock* v. *Guilford*, 47 Vt. 519 ; *Read* v. *Calais*, 48 Vt. 7 ; *Bean* v. *Concord*, Ib. 30.

The court mistakes the fact. This was no part of the main highway. The case furnishes no evidence that it was. The location of the hotel and the doorstep render it impossible. Assuming that the charge is right in its facts, and the place of the accident was in fact a margin of the main highway, the court erred. It is no part of the duty of a town to keep the margin of its highways in a condition to travel upon. When a town has provided and kept in repair a travelled path sufficient in width and character for all the purposes of travel, it has discharged the duty imposed by law ; it can only be charged with a further duty as to its margins, when by corporate act or through its selectmen, it has assumed to make the margin a place of travel, as sometimes happens in our villages and larger towns, in respect to sidewalks. *Hunt* v. *Pownal*, 9 Vt. 411; *Rice* v. *Montpelier*, 19 Vt. 470 ; *Cassidy* v. *Stockbridge*, 21 Vt. 391; *Whitney* v. *Essex*, 38 Vt.

270 ; *Glidden* v. *Reading*, 38 Vt. 52 ; *Bagley* v. *Ludlow*, 41 Vt. 425 ; *Morse* v. *Richmond*, 41 Vt. 435 ; *Hodge* v. *Bennington*, 43 Vt. 450 ; *Sykes* v. *Pawlet*, 43 Vt. 446.

*H. W. Brigham*, *K. Haskins* and *C. B. & C. F. Eddy*, for the plaintiff.

As to the margin of highway, 53 Vt. 435.

The special finding of the jury, that the stone obstruction was *within* the conceded public highway, which, it was conceded the town was bound to maintain in sufficient repair, eliminates from the case all questions as to the admissibility of testimony bearing on the claimed dedication and adoption of " the other roads, lying southerly of the hotel, and northerly of the Stimpson road."

This finding also eliminates all questions as to the requests to charge, and as to the charge given on this feature of the case. It disposes of the third, fourth, fifth, sixth and seventh requests.

" A judgment will not be reversed for an error, that, by the verdict, is rendered immaterial." 24 Vt. 265 ; *Hodge* v. *Bennington*, 43 Vt. 458 ; *Nones* v. *Northouse*, 46 Vt. 587 ; *Sampson* v. *Warner*, 48 Vt. 247.

The opinion of the court was delivered by

Royce, Ch. J. No question was made upon the trial but what the highway described in the notice that was put in evidence by the plaintiff was one that the defendant town was under obligation to keep in repair.

The objections made to the notice are, that it does not sufficiently designate the place of the accident ; nor sufficiently point out the respect or particular in which the highway was insufficient and out of repair. The place where the accident happened is described as being in said highway : " about six feet southeasterly from the southeast corner of the Sadawga House, occupied as a hotel by Wm. L. Robinson & Son, in the village of Sadawga." That description was sufficiently definite. It could not have been made more accurate except by the aid of actual measurement, which has never been required.

In the description of the insufficiency of the highway, it is said :

" that there were stones and sticks left in the travelled part of it in such a manner as to render it unsafe and out of repair." This was as exact and particular a description of the defects complained of as has ever been regarded necessary.

A great deal of confusion has resulted from the manner in which this cause was tried in the County Court. It appeared that there was a highway extending westerly from the one described in the notice ; and the obstruction which constituted the insufficiency complained of was near the junction of the two highways. The plaintiff claimed that the road extending westerly was a branch of the one described in the notice that had been adopted by the town ; and they were obliged to keep it in repair ; and that if the obstruction should be found to have been in that highway the town would be liable. The question whether the town had adopted that highway was controverted.

Some of the requests and a portion of the charge were predicated upon the supposition that the obstruction might be found to have been in that highway ; and what was said by the court upon that branch of the case was in explaining and defining the rights and liabilities of the parties if it should be so found.

The verdict of the jury has rendered all that transpired in reference to that highway wholly immaterial. It is settled by that verdict that the obstruction was in the highway described in the notice. The case is to be considered and passed upon in this court as if no other highway had been in question but the one described in the notice. Hence all that portion of the arguments of the learned counsel and the charge of the court that has reference to the highway that it was claimed had become such by adoption, need not be considered. This view eliminates all of the defendant's requests that he now claims were not complied with, except the 8th, which was, that Robinson, the occupant of the hotel, had the legal right to place the obstructions as they were placed, to protect his own property. The court charged that Robinson had the right to protect his piazza against being run on to by teams in a proper way ; and left it to the jury to say whether the way in which he undertook to protect it was proper or not. This was as far as the defendant was entitled to have the request complied

with. Exceptions were taken to the charge of the court in respect to the duty of the defendant to keep the place where the accident happened in repair. It is assumed in argument that that place was upon what would be termed the margin of the highway; and conceding that it was upon the margin, we think the rule of law in defining the obligation of the town to keep it in repair, was correctly stated. It is said in the charge that the public had used the whole of the highway close up to the hotel; that the travelled way extended close up to the piazza of the hotel; and that it had been so used and enjoyed for so long a time that it had become the duty of the town to keep that margin in good and sufficient repair. The locality thus indicated included the place where the obstruction was found to have been; and the presumption is, that that statement was warranted by conceded facts or uncontradicted evidence.

The authorities cited are ample authority to sustain the charge upon such a state of facts.

The judgment of the County Court is affirmed.