AMOS W. MOODY *vs.* THE TOWN OF BRISTOL.

May Term, 1899.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, START, THOMPSON and WATSON, JJ.

Opinion filed July 28, 1899.

*Acts 1896, No. 73—Liability of Town for Want of Railing.*—The want of a guard or railing at a dangerous place on a highway, other than a bridge or culvert, does not constitute an insufficiency under V. S. c. 152, rendering the town liable to travelers for damages occasioned thereby.

*Construction of Statute.*—Acts 1896, No. 73, requiring such guards to be erected and maintained by towns, is made by its second section a part

of c. 152 for the purpose not of making towns liable to travelers but of ensuring the erection of guards by other methods included in that chapter, such as indictment and fine.

*Construction of Statute.*—If the legislature had intended to impose a general liability upon towns, it would have used more apt language than merely to make the provision a part of a chapter containing among other things a liability provision.

CASE for injury upon a highway through want of railing at a dangerous place not a bridge or culvert. Heard upon demurrer to the declaration, in Addision county. A *pro-forma* judgment was rendered sustaining the demurrer and adjudging the declaration insufficient. The plaintiff excepted.

No copy of the bill of exceptions was filed with the reporter.

*Button & Button* for the plaintiff.

*W. W. Rider* and *C. M. Wilds* for the defendant.

START, J. The action is for the recovery of damages sustained by the plaintiff by reason of the defendant's neglect to maintain a guard or railing at a dangerous place on one of its highways. The plaintiff contends that the action is authorized by No. 73 of the Acts of 1896. Section 1 of this act makes it the duty of every town and city to erect and maintain in all dangerous places on its public highways suitable guards or railings to protect travellers from accident by running over or down embankments, and, by § 2, the act is subject to the provisions of chapter 152 of the Vermont Statutes. This chapter provides, that, when a highway or bridge is out of repair or unsafe for travel, the county road commissioners may order it repaired; and, if the town neglects to comply with such order, the commissioners may cause the repairs to be made at the expense of the town. It also provides, that, when a town, liable to keep in repair a highway or bridge, fails so to do, it may be indicted for such neglect, by the grand jury of the county, and may be fined at the discretion of the court;

and the fine so assessed shall be expended in repairing the highway or bridge, under the direction of a commissioner appointed by the court.    It is further provided in this chapter, that, if damage occurs to a person, or his property, by reason of the insufficiency or want of repair of any bridge or culvert which the town is liable to keep in repair, the person sustaining damage may recover the same in an action on the case.

It is obvious that the purpose of the enactment of 1896 was to point out more clearly and particularly the duty already resting upon towns by general enactments to keep their highways and bridges reasonably safe for travel thereon, and that the want of a guard or railing at dangerous places to protect travellers from running over embankments was such an insufficiency and want of repair as would make it the duty of the county road commissioners to take action and require guards or railings to be erected, and would justify the county grand jury in indicting a town, and the court in assessing a fine and causing it to be expended for the purpose of making such places reasonably safe for travel; and we think the act was made subject to chapter 152 to ensure the erection of guards or railings at such dangerous places, and not for the purpose of giving a right of action in favor of a person sustaining damage by reason of the neglect of a town to erect and maintain such guards or railings.   Chapter 152 does not impose a general liability upon towns to persons sustaining damage by reason of the insufficiency of highways.    The liability is limited to those damages which arise from the insufficiences of bridges and culverts, but its provisions relating to repairing such insufficiences are general and relate to all highways.   So, also, are the provisions of the act of 1896. They relate to dangerous embankments upon all highways and are consistent, and in harmony with, those provisions of chapter 152 which relate to the power of county road commissioners and county courts to compel repairs upon all

highways; and, by making the act subject to the provisions of chapter 152, it was intended to make it subject to those provisions relating to repairs upon all highways and bridges, and thereby secure a better enforcement of its provisions. Towns and other municipal corporations created for governmental purposes are not liable to a private action for neglect to keep their highways in repair, or for the neglect of their officers in this respect, unless such liability is expressly imposed by statute. *Baxter* v. *Winooski Turnpike Co.*, 22 Vt. 114; *Daniels* v. *Hathaway*, 65 Vt. 247. If the legislature had intended to impose such a general liability upon towns as is contended for by the plaintiff, it would have used more apt words for that purpose. We, therefore, hold that an additional liability on the part of towns to persons sustaining damage by reason of the insufficiency and want of repair of highways is not imposed by the act of 1896.

*Judgment affirmed.*