WALTER H. CASTLE v. TOWN OF GUILFORD.

Special Term at Brattleboro, February, 1913.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed May 12, 1913.

*Injuries from Defective Bridges—Approaches—Duty of Town to Guard—Notice of Claim for Injury—Sufficiency—Witnesses—Opinion—Evidence.*

All highways are "public highways," and so, in an action against the town of Guilford for damage sustained because of the alleged insufficiency of a bridge and its approaches, plaintiff's written notice to the selectmen, stating that at a specified time "at said Guilford" plaintiff's team was being driven "on the main highway" between designated places "in said Guilford," that "as said team was driven upon the bridge and the approaches and abutments thereof, which said bridge is between" specified places "in said Guilford," for want of a proper guard on the bridge and approaches, the horses fell and went over the abutment, sufficiently states the time and place of the accident, and that the

bridge and its approaches were a part of the highway, and hence a public highway, in the town of Guilford.

In an action against a town for damages sustained because of the alleged insufficiency of a bridge, the written notice, required by P. S. 4030-4031 to be given to the selectmen by plaintiff, need not state that the bridge is one that the town was bound to maintain or keep in repair.

A town is liable to the owner for injury to a team from a defective bridge, though the team was being driven by one who hired or borrowed it, and that fact need not be stated in the notice by the owner to the selectmen in compliance with P. S. 4030-4031.

The notice to selectmen of a claim for injuries from a defective bridge or culvert is not a declaration of the cause of action, need not be referred to in the declaration, and is not evidence in favor of plaintiff of the matters alleged therein.

A notice to selectmen of a claim for injuries to a team from a defective bridge sufficiently states that the person in charge of the team was a traveller, where it alleges that he was driving the team along the highway.

While a town is not liable for damages sustained from its failure to maintain a railing at a dangerous place on a highway other than a culvert, or a bridge and its approaches, yet if a bridge approach is insufficient for lack of a railing the town bound to maintain the bridge is liable for damages resulting from such insufficiency, because the approaches to a bridge are a part of it.

A notice to selectmen of a claim for injuries from a defective bridge stating that, as the team "was driven upon the bridge and the approaches and abutments thereof, for want of proper and sufficient muniment or guard on said bridge and the abutment and approaches thereof," the horses fell over the abutment, and that the bridge and approaches were wholly insufficient and out of repair, in that there was no sufficient guard to protect the team from slipping off the approaches, sufficiently alleged the insufficiency of the bridge.

In an action against a town for damages to a team from falling off the abutment to a bridge because the approach was not protected by a railing, defendant's question to the road commissioner, on direct examination, whether it was necessary to have a level approach to the bridge, asked in support of defendant's claim that the fill at the place of the accident was not on the approach,

was properly excluded, where the accident happened about 30 feet from the bridge proper, and the fill extended some 10 or 11 rods from the bridge for the purpose of making a practically level approach thereto.

In an action against a town for damages to a team from falling off the abutment to a bridge, about 30 feet from the bridge proper, because the approach was not protected by a railing, defendant's question to the county road commissioner, on direct examination, whether it was necessary to have any fill 52 feet east from the bridge in order to make it accessible, asked for the purpose of showing that no fill was necessary where the accident occurred, was properly excluded, where, though the witness was shown to have had a great deal of experience in building roads and bridges, it did not appear what was his knowledge of the road and bridge in question, the fact that he was county road commissioner being no evidence in that regard.

All reasonable presumptions should be made in support of the rulings of the trial court.

CASE for negligence. Plea, the general issue. Trial by jury at the September Term, 1912, Windham County, *Butler,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*John E. Gale* and *E. W. Gibson* for the defendant.

*Herbert G. Barber* and *Frank E. Barber* for the plaintiff.

HASELTON, J.    The action is case and is brought under P. S. 4029, for damages to the property of the plaintiff claimed to have been suffered by reason of the insufficiency and want of repair of a bridge and its approaches in the defendant town. Trial by jury was had, a verdict for the plaintiff was returned and judgment was rendered thereon. The defendant excepted.

A written notice was given to the selectmen of the town within the time required by statute and was received in evidence. The notice omitting the address and signature, about which no question is made, reads as follows:

"You are hereby notified that on the 27th day of December, A. D. 1911, at said Guilford, one Carl Castle of said Guil-

ford, was driving a pair of horses belonging to me on the main highway leading from Guilford Center, so-called, to Hinesburg, so-called, in said Guilford; that as said team was driven upon the bridge and the approaches and abutments thereof, which said bridge is between the Guilford Springs Farm, so-called, and School No. 14, in said Guilford, and was approaching said bridge from the southeast, for want of proper and sufficient muniment or guard on said bridge and the abutment and approaches thereof, the horses and team slipped, fell and went over said abutment, approaches and the embankment thereof, falling a distance of some six or eight feet, thereby breaking the forward leg of one of said horses, which resulted in its death; that the wagon was overturned and damaged and a quantity of milk lost; that said bridge, abutment and approaches thereof were wholly insufficient and out of repair in that there was no railing or sufficient guard extending along on either side of the approaches and abutments thereof on the easterly end thereon, to protect my team or the public when travelling upon said bridge as aforesaid, from slipping, sliding and going off the approaches, abutments and embankments thereof; that said team fell over and down the abutment and embankment and the approach thereof about thirty feet from the easterly end thereof and on the northerly side thereof.   And you are hereby notified that I shall claim satisfaction of the town of Guilford for the injuries and damages occasioned to me as aforesaid.''

When the notice was offered in evidence it was objected to on sixteen grounds, and it was admitted subject to the exception of the defendant to the overruling of its objection, and all of the evidence in the case was received subject to objection and exception on the ground that the evidence was immaterial because of the insufficiency of the notice; and at the close of the evidence the defendant moved that a verdict be directed in its favor on the grounds stated in the objection made to the admission of the notice.   This motion was overruled and the defendant excepted.

The notice is claimed to be insufficient for failure to allege that the bridge or its approaches complained of were a part of a highway, were a part of a public highway, were a part of a highway in the defendant town, or that the town was legally bound to maintain them.

The notice states with sufficient clearness that the bridge and its approaches were on a highway; and all highways are public highways. *Bacon* v. *Boston & Maine Railroad,* 83 Vt. 421, 430, 76 Atl. 128; *Skinner* v. *Weathersfield,* 78 Vt. 410, 63 Atl. 142; *French* v. *Barre,* 58 Vt. 567, 5 Atl. 568.

The notice, too, states clearly enough that they were on a highway in the town of Guilford, for the place in question is alleged to be "at" Guilford on a highway leading from one place to another "in Guilford." The claim that the notice should have stated in terms that the bridge is one "that the defendant town was bound to maintain or keep in repair" is unsound. Some color is given to this claim by the language used in *Farnsworth* v. *Mount Holly,* 63 Vt. 293, 22 Atl. 459, and in *White* v. *Stowe,* 54 Vt. 510. But the statute prescribes what the notice shall contain and requires no instruction to be given to the town as to its legal duty. *Skinner* v. *Weathersfield,* 78 Vt. 410, 63 Atl. 142; *Graves* v. *Waitsfield,* 81 Vt. 84, 69 Atl. 137; P. S. 4031, 4032.

Further, it is claimed that the notice is insufficient because it does not state "that the bridge in question or its approaches were on the highway described in the notice," that is, that for anything appearing in the notice the bridge at which the trouble is, in one clause, said to have occurred, may have been on a different highway from that on which, in a previous clause, the notice says that the team was being driven. But the distinction attempted to be made is too refined to require discussion. The whole narrative is contained in one sentence and its meaning in this respect is clear.

It is claimed that the notice is not sufficiently explicit as to the place where the accident occurred. The place is fairly stated to have been between the Guilford Springs Farm, so-called, and School No. 14, about 30 feet from the easterly end of the bridge described. The plaintiff's evidence tended to show that there was in Guilford a farm called the Guilford Springs Farm and a Schoolhouse No. 14, and to show that the bridge in question, and no other, was located on the highway described between the farm named and Schoolhouse No. 14. The notice of the place of the accident was sufficiently certain, since "with it in hand, the selectmen could have had no trouble in finding the place." *Cleveland* v. *Town of Washington,* 79 Vt. 498, 65

Atl. 584; *Tinkham* v. *Stockbridge,* 64 Vt. 480, 487, 24 Atl. 761; *Harris* v. *Townshend,* 56 Vt. 716; *Melendy* v. *Bradford,* 56 Vt. 148; *Fassett* v. *Roxbury,* 55 Vt. 552; *Bliss* v. *Whitingham,* 54 Vt. 172; *Rogers* v. *Swanton,* 54 Vt. 585; *Ranney* v. *Sheffield,*. 49 Vt. 191.

The defendant refers to the apparent inaccuracy of the reference in the notice to ''School No. 14,'' instead of ''School-house No. 14.'' But this is not a matter for serious discussion.

The defendant claims that the notice is not sufficient in respect to the time alleged, that it does not state upon what day the horses were driven upon the bridge or its approaches, and that it does not expressly state the time when the injury occurred. But the notice is a narrative of consecutive events alleged to have happened on the 27th day of December, 1911. It was not necessary to repeat the date in referring to each incident of the narrative.

It is claimed that the notice is insufficient because it does not state that the driver, Carl Castle, was an agent or employee of the plaintiff, but such statement was unnecessary and such fact was not necessary to recovery. The notice in this respect is like the notice in *Tinkham* v. *Stockbridge,* 64 Vt. 480, 24 Atl. 761, which was held to be sufficient. Though a team is lent or hired to the one driving it, if the property is injured in consequence of the insufficiency or want of repair of a bridge the case in respect to the property injured stands the same under our statute as if the owner or his agent had been the driver. The notice need state only what the statute requires. It is not a declaration of the cause of action and need not be referred to in the declaration and is not evidence in favor of the plaintiff of the matters contained therein. It is simply necessary in order that the plaintiff may assert a right of action. *Matthie* v. *Barton,* 40 Vt. 286; *Herrick* v. *Holland,* 83 Vt. 502, 77 Atl. 6.

It is claimed that the notice is insufficient in that it does not allege that the plaintiff or his servant or agent was a traveller upon the highway. The failure to allege that the one in charge of the team was a traveller is all that remains to be considered under this claim. The notice shows that Carl was driving the team along the highway, and that is enough in this respect. In this regard the notice is like that in *Tinkham* v. *Stockbridge,* 64 Vt. 480, 24 Atl. 761, which was held sufficient,

35

and which was apparently used as an approved form in the drawing of the notice here.

It is claimed, under certain objections to the notice, that it is insufficient and does not state a cause of action because it alleges as the cause of accident the failure to maintain guards and muniments not required by the statute. It is true that the failure of a town to maintain a guard or railing at a dangerous place on a highway other than a bridge and its approaches, or a culvert, does not subject a town to a civil action for damages occasioned thereby, though such failure may subject the town to indictment. *Moody* v. *Town of Bristol,* 71 Vt. 473, 45 Atl. 1038.

But if a bridge, and the approaches to a bridge are a part of it, is insufficient for lack of a railing or guard, the town liable to maintain the bridge is liable for damages resulting from such insufficiency; and the notice here alleges that the bridge and its approaches were insufficient for lack of a railing or guard. But it is objected to the notice that the insufficiency is not alleged with sufficient definiteness. However, our holdings are otherwise. *Graves* v. *Waitsfield,* 81 Vt. 84, 69 Atl. 137; *Cook* v. *Barton,* 66 Vt. 65, 28 Atl. 631; *Tinkham* v. *Stockbridge,* 64 Vt. 480, 24 Atl. 761; *Knox* v. *Wheelock,* 56 Vt. 191; *Melendy* v. *Bradford,* 56 Vt. 148; *Bliss* v. *Whitingham,* 54 Vt. 172.

Whether the condition existing actually amounted to an insufficiency was a question to be determined on trial. *Washburn* v. *Woodstock,* 49 Vt. 503; *Drew* v. *Sutton,* 55 Vt. 586, 45 Am. Rep. 644; *Bagley* v. *Ludlow,* 41 Vt. 425, 434; *Kent* v. *Lincoln,* 32 Vt. 591; *Sessions* v. *Newport,* 23 Vt. 9.

The defendant claims that the notice is so vague and uncertain that it is not possible to ascertain therefrom the grounds upon which the plaintiff seeks recovery. This general claim covers nothing that has not already been considered.

The cases cited by the defendant recognize the rules herein stated and it is unnecessary to review them. They merely illustrate failures to make notices reasonably certain.

We have discussed all the grounds of objection to the notice, in what has seemed to be a convenient order, and we hold that no objection to the notice was well taken.

The objection to its admission, the objections to evidence on the ground of the claimed insufficiency of the notice, and

the motion for a verdict on the same ground were all properly overruled.

Since we have set out the notice in full, we remark, lest it be taken in all respects for an approved form, that no objection was made to the notice on the ground of an insufficient description of the injuries received, and that it was said on hearing, without contradiction, that the damages allowed included nothing for damages to the wagon, in respect to which the notice says merely that "it was overturned and damaged." What is a sufficient description of injuries to property is discussed in *Weeks* v. *Lyndon,* 54 Vt. 638; *Pratt* v. *Sherburne,* 53 Vt. 370, and *Nourse* v. *Victory,* 51 Vt. 275. But we have no occasion to discuss that matter here.

Some questions of evidence not relating to the notice were raised.

The plaintiff's evidence tended to show that the accident happened on the southeasterly approach of the bridge, an approach consisting of an earth and rock fill and extending from the easterly end of the wooden structure of the bridge for ten or eleven rods to the solid ground, that this fill caused an embankment, and "that the team fell over and down the embankment and the approach to the bridge about 30 feet from the easterly end of the wooden structure of the bridge." The evidence tended to show that at a point from 51 to 53 feet from the southeasterly end of the wooden structure of the bridge there was a hole in the embankment or road, that the driver of the plaintiff's team attempted to avoid the hole by turning out, that the wagon slid over the embankment, that one of the horses went down, and that when that horse attempted to get up the two horses with the wagon slid over the embankment at a point about 30 feet from the bridge proper, where, as the plaintiff's evidence tended to show, the width of the fill was about nine feet, and where there was no railing, muniment, or guard to protect a team from going over. The plaintiff's evidence tended to show that the defendant town was negligent in not keeping and maintaining a guard, rail, or muniment.

The question of contributory negligence was raised by an exception taken on trial, but that claim was not briefed and was expressly abandoned upon the argument of the case. So we do not consider it.

The defendant claimed, and its evidence tended to show, that the point where the accident took place was not an approach to the bridge and that it was not necessary at that point to have a fill to connect the structure of the bridge proper with the solid ground so as to make the bridge accessible and that the fill was not made by the town. The defendant also claimed, and its evidence tended to show, that it was not necessary to have any fill back a distance of 52 feet from the easterly end of the bridge in order to make a safe and suitable approach to the bridge.

The "county road commissioner," for Windham County, after giving some testimony was asked in direct examination by the defendant if, situated as the bridge was, it was necessary to have a level approach to it. This question was asked for the purpose of supporting the defendant's claim that the fill at the point where the accident took place was not on the approach to the bridge. All the evidence referred to in the bill of exceptions tended to show that the fill extended 10 or 11 rods from the bridge proper for the purpose of making a practically level approach to the bridge, but though a fill of such length, 160 or 175 feet, may not have been necessary that fact would have no tendency to show that a short fill covering the place of the accident was not necessary, and the question was properly excluded.

The road commissioner was asked the following question: "Now from your experience in the building of bridges and in the building of approaches to bridges, and from your knowledge of the highway, leading from Guilford Center to Hinesburg, and from your examination and knowledge of the bridge located on that road, what do you say, was it necessary to have any fill in that road 52 feet east from the east end of the bridge in order to make the bridge accessible and fit for use?" The question was asked for the purpose of showing that no fill was necessary at the point where the hole in the road was. The question was excluded and the defendant excepted.

While the witness was shown to have had a great deal of experience in building roads and bridges it does not appear what was his knowledge of the road and the bridge about which he was questioned and upon which he was required to base an answer. The fact that he was a county road commissioner car-

ries with it no implication of knowledge as to the particular road and bridge in question; for whether he was a county road commissioner by appointment of the county court as the name given him would imply, or whether he was an appointee for Windham County, of the State Highway Commissioner, he had in neither case any general or specific supervision over all the highways in the county.

P. S. 4016, and sections following; P. S. 4004; Acts of 1908, sections 1 and 2.

No error in the exclusion of the question appears. The witness was permitted to testify that if there had been no fill the bridge could have been approached at a grade of 12½ per cent., but it does not appear that he was asked to say nor that it was claimed that he knew how far back from the bridge such a grade would carry the approach to the bridge.

One of the selectmen of the defendant town was asked by the defendant whether in the construction and placing of the bridge it was necessary to have a fill back to a point 52 feet from the easterly end of the bridge. This question was put for the same purpose as was put to the road commissioner, the similar question which we have considered. It was excluded and no error in its exclusion is shown. The evidence tended to show that the bridge proper and some three to five rods of the fill were constructed in 1867, following a washout in that year, and the bill of exceptions does not show that the witness knew or claimed to have any actual knowledge of its construction and placing nor that any attempt was made to qualify him as an expert.

The evidence of both the plaintiff and the defendant tended to show that the place of the accident was two or three rods from the end of the bridge proper and that there the team went off an embankment over which it was necessary for a traveller to pass. Whether the embankment at this place was a part of the bridge or a part of the highway was a question upon which the court received evidence, for the bill of exceptions recites that on this question the evidence of the plaintiff tended one way and the evidence of the defendant the other. But upon such a question the court was right in declining to receive evidence from persons whose qualifications to give it were not shown, otherwise the testimony would have degenerated into a mere

matter of voting.   Had the offered testimony been received we might, as the case stands, well enough assume that there was evidence from which the trial court found and was warranted in finding that the witnesses were qualified to give the offered testimony.   But all reasonable assumptions are to be made in support of rulings below.

So far as appears all proper evidence bearing upon the question of whether the place of the accident was an approach to the bridge was received, and no exception was taken to the manner in which this subject or any other was submitted to the jury.

*Judgment affirmed.*