## ALMON UNDERHILL *v.* THE TOWN OF WASHINGTON.

*Highway. Notice of Injury Thereon. Waiver of Notice by Selectmen.*

The written notice of injury on a highway wholly omitted to state the place where the injury was received ; but the court allowed the plaintiff to show by parol, that when he delivered said notice to one of the selectmen of the town, he told him the place where he received the injury ; and also to show, that after the thirty days had expired, the selectmen met the plaintiff by appointment, and attempted to settle with him for the injury ; and charged the jury, if they found the facts in accordance with such testimony, that the notice would be thereby rendered sufficient. *Held,* error.

*Held,* also, that such attempted settlement on the part of the selectmen, was not a waiver of the written notice required by statute, even though the selectmen had authority to make such waiver.

CASE for injury to the plaintiff's person and carriage, occasioned by reason of the insufficiency and want of repair of a

certain bridge on a highway in the town of Washington. Plea, the general issue, and trial by jury, June term, 1873, PECK, J., presiding.

It was conceded that said town was bound to maintain and keep said highway and bridge in good and sufficient repair, and was proved that said bridge, at the time of the alleged injury, was insufficient and out of repair, and that it had been so from some time in the spring of 1871, to the knowledge of the then highway surveyor of the highway district in which it was located, so that, on this point, there was no controversy before the jury after the evidence was in. The evidence on the part of the plaintiff tended to show, that the plaintiff sustained an injury to his person and carriage, by reason of the insufficiency and want of repair of said bridge, while driving over the same with a horse and wagon, on the 11th of August, 1871. The only question reserved was, as to the sufficiency of the notice to the selectmen, of the injury. There was no question but that the notice was given within the time required by the statute; but its legal sufficiency was questioned by the defendant's counsel. The plaintiff, to prove notice to the town of the injury, and that he claimed damage of the town therefor, introduced a written notice signed by him, dated September 4, 1871, which was produced on trial by the defendant, and was directed to the selectmen of Washington, notifying them that " the undersigned, on the 11th day of August last, sustained damage to himself and his wagon, in consequence of the insufficiency of a highway and bridge in said town, and that he claims damage and satisfaction against said town on account thereof." The following was indorsed upon said notice : " This paper was delivered to me by Almon Underhill, on the 4th day of September, A. D. 1871, in the house of Dr. N. W. Braley, in Chelsea, Vermont.                      B. W. BARTHOLOMEW."

The plaintiff testified in substance, among other things, that he came to Chelsea the day of the date of said notice, and there procured the notice written by a lawyer; that he signed it, and went immediately from the office of the lawyer who wrote it, to Dr. Braley's house in Chelsea village, where Mr. Bartholomew was then stopping, and handed him the notice; that Barthol-

omew took it and read it aloud, and then asked him where he got hurt, and he told him he got hurt in the Elder Emery bridge; that Bartholomew asked him if Mr. Campbell, the highway surveyor, had not fixed the bridge yet, and that he told him they were fixing it,—building it over, that day when he came down (referring to the day of this conversation.) He further testified, that the bridge always went by the name of the Elder Emery bridge; that Bartholomew asked him how much he claimed, and he told him he had not recovered from the injury, and that he was not ready to settle then; that Bartholomew told him that when he got round, and ready to settle, he did not want him to go and sue the town—to come to him, and he would do the thing that was right.

It appeared from the evidence on both sides, that afterwards, by appointment, the selectmen and the plaintiff met for the purpose of seeing if they could settle the matter; that the selectmen asked the plaintiff what he claimed, and the plaintiff set a sum he would take, which the selectmen refused to give. This was before the suit was commenced, but not till thirty days after the injury.

When said notice was offered in evidence, the defendant's counsel objected to it, on the ground that it did not sufficiently specify the place where the accident happened or injury occurred; but, on the plaintiff's counsel stating that they should show by parol evidence that Bartholomew was informed by the plaintiff at the time the written notice was delivered to him, where the accident happened and the injury occurred, the court decided to receive the notice and the parol evidence so offered, subject to the question as to its legal effect; to which defendant excepted, and seasonably objected that parol evidence was not admissible to supply the defect in the notice.

The court, in the charge, after repeating to the jury the statute on the subject, told them that the written notice was insufficient for want of specifying the place sufficiently where the accident or injury occurred, and that it was not such a compliance with the statute as to entitle the plaintiff to recover; but that, if the jury found that such conversation took place between the plaintiff and Bartholomew on the occasion of the plaintiff's delivering the

98

written notice, as the plaintiff's testimony tended to show, so that Bartholomew was then informed and understood that the plaintiff claimed that the injury happened at the bridge in question, it amounted to such notice, together with the writing, or waiver of the omission in the writing to name the place, as to make the notice good; but unless the jury should so find, the notice was insufficient, and the plaintiff could not recover. Before the court charged the jury, the defendant's counsel seasonably insisted that the written notice was insufficient, and that parol evidence was inadmissible to aid it, and excepted to the charge above stated on that point. It was conceded that Bartholomew was one of the selectmen of Washington at the time the notice was given, and that the same was delivered to him by the plaintiff at the date of it, at the time the plaintiff testified it was delivered, and no question was made by the defendant's counsel before the jury, but that the testimony of the plaintiff as to the conversation between him and Bartholomew at the time he delivered said notice, was true, although there was no admission in terms that it was so. Verdict for the plaintiff.

*H. A. White* and *C. W. Clarke*, for the defendant, contended that the written notice, was insufficient, and that the omission therein could, under no circumstances, be supplied by parol, and that there could be no waiver of the omission, for want of authority in the selectmen to make such waiver,—and cited the Laws of 1870, p. 88; *Angel* v. *Pownal*, 3 Vt. 461; *Yuran* v. *Randolph*, 6 Vt. 369; *Kent* v. *Lincoln*, 32 Vt. 596; *Matthie* v. *Barton*, 40 Vt. 286.

*Wm. & S. B. Hebard*, for the plaintiff, contended that all the purposes of the statute were answered, when the town had notice in fact of the place of injury, in connection with the written notice; that the provisions of the statute were for the benefit of towns, to enable them seasonably to examine the place of injury, before the means of proof had disappeared,—and cited *Barton & wife* v. *Montpelier*, 30 Vt. 650; and further contended, that by attempting to settle with the plaintiff after the thirty days expired, the selectmen waived the written notice required by statute.

The opinion of the court was delivered by

REDFIELD, J.   The only question reserved in this case is as to the sufficiency of the notice to the selectmen of the defendant town, by the plaintiff, of his injury upon the highway in question. The act of 1870, p. 88, provides that " no action shall hereafter be maintained in any court in this state, &c., unless notice shall first have been given *in writing*, to one or more of the selectmen of the town, by the person injured, stating the time when, and the place where, such injury was received." This notice was in writing, and within the required time, but omitted, altogether, any statement of the place where the injury was received.   The court below held, and we think very properly, that the written notice was insufficient, and not a compliance with the statute.   But the court, against the defendant's objection, admitted parol evidence, to prove that the selectman, at the time the written notice was delivered to him, was informed by the plaintiff, of the place where the injury was received, and that, after the thirty days expired, the selectmen of the defendant town, by appointment, met the plaintiff, and negotiation was had in regard to a settlement, but none was effected.

I.   It is claimed by the plaintiff, that the defect in the written notice was, and might lawfully be, supplied by parol evidence. The statute of 1855 did not require the notice to be *in writing*, nor to specify the "place where" the injury occurred.   Under that statute, the fact of notice was often in dispute, and the plaintiff was sometimes charged with " changing the venue" of his injury after litigation began.   The act of 1870 was evidently intended to place the fact of notice beyond dispute, and to require the *time* and *place* of injury to be made specific.

The statute is mandatory in form, and declares that no action (in this class of cases) shall hereafter be maintained in any court in this state, unless this preliminary act shall be done within the time specified.   The place *where* the injury occurred, is a cardinal and special requirement of the statute ; and if this requirement can be supplied by parol evidence, then may all, and the statute be annulled and utterly disregarded.   We think parol evidence not admissible to supply a legal requirement of the written notice.

II. It is claimed that the selectmen having actual notice from the plaintiff of the place where the injury occurred, by attempting to negotiate a settlement, *waived* the written notice required by statute. But if the selectmen had authority to waive a statute provision for the benefit of the town, and thus create a right of action against the town which, under the statute, had never accrued, there is nothing in this case showing any declaration or purpose to waive the requirement of the statute. Nor is it claimed that the plaintiff was deceived or misled by any act of the selectmen. Whether the selectman knew that a written notice was required, or whether he believed or disbelieved the sufficiency of the notice, is altogether a matter of conjecture. He was not bound to advertise the insufficiency of the notice, if he had discovered it.

The statute of frauds, in its language, has strong analogy. Like this statute, it does not attempt to affect the contract or cause of action, but denies the remedy, " unless the promise, &c., shall be in writing." This statute denies the remedy in any court, unless the preliminary act, viz., a notice *in writing*, of a specified character, shall be given ; and we see no reason why this statute should not be substantially complied with, as has always been required in case of the statute of frauds.

The result is that the judgment of the county court is reversed, and cause remanded.