WILLIAM J. BABCOCK AND ELECTA P. BABCOCK, HIS WIFE, *v.* THE
TOWN OF GUILFORD.

*Sufficiency of Notice of Injury upon Highway. Evidence.*

In case for injury to the wife upon a highway, the notice, signed by the husband
alone, was, * * * "I am under the necessity of calling your attention to an acci-
dent that happened on the Green-River road on Friday, the 22d inst., in consequence
of a defect in the highway. My wife was thrown into Green River, and badly hurt,
besides breaking the sleigh," &c. Said road was about twenty miles long, and ex-
tended about five miles in the defendant town, on which portion thereof the plain-
tiffs resided. *Held,* that the notice did not sufficiently state the *place where* the
injury was received.
Notice by the husband alone, of injury to the wife and claim for damage, is sufficient.

CASE for injury to the wife on a highway. Plea, the general
issue, and trial by jury, April term, 1874, BARRETT, J. presiding.

The plaintiffs offered in evidence the following written notice:

"GUILFORD, Dec. 30th, 1871.

SIRS:—I am under the necessity of calling your attention to
an accident that happened on the Green-River road on Friday, the
22d inst., in consequence of a defect in the highway. My wife
was thrown into Green River, and badly hurt, besides breaking
the sleigh. Your attention is requested to settle damages and
save costs.                                    WM. J. BABCOCK."

Said notice was addressed to the selectmen of Guilford, and
sent to them by mail, and seasonably received by Knox Bullock,
one of the selectmen.

The defendant objected to admission of the notice, on the ground
of its insufficiency. Pending the consideration of this question,
and by leave of court, and without objection on the part of the
defendant, the plaintiff introduced parol evidence tending to show
that within a few days after the notice was sent to the selectmen,
said Bullock visited said highway, and readily discovered the
place where the alleged injury happened; that he was enabled to
discover the place by reason of the defects caused by water run-
ning across the road, cutting ditches therein; that upon this
occasion he visited the plaintiff, Electa P., who resided on said
road, and about two miles below Green-River village, in said town

of Guilford, and informed her that he had received said notice, and that in crossing said ditches, he was compelled to get out of his sleigh and lead his horse over ; that the road was in bad condition, and that he had given orders to have it repaired ; that he inquired of her if the place in the road where the ditches ran across, was not the spot where she met with the accident, and that she informed him it was ; that within a few days thereafter, the highway at this point was repaired by filling up the ditches, and the erection of a temporary railing. It also appeared that the Green-River road had one terminus in the town of Halifax, Vt., extending from thence into the town of Guilford, through Green-River village, past the dwelling-house of the plaintiffs, to the north line of Massachusetts, and from thence to Greenfield, Mass., and that it extended through the town of Guilford, along the banks of the Green River, a distance of some five miles.

The court held that the notice was insufficient, it not meeting the requirements of the statute, and that it could not be aided by the parol evidence introduced ; to which plaintiffs excepted. The court directed a verdict for the defendant.

*Clarke & Haskins*, for the plaintiffs.

The notice is sufficient without being signed by the wife. In legal contemplation, the wife has no several right to sue for such an injury ; her claim must be enforced by the procurement of the husband, and upon his responsibility. No. 49, of the Acts of 1870, requiring notice to be given " by the party injured or claiming damage," is identical with the act of 1855—Gen. Sts. ch. 25, § 42—and this court has held that under the act of 1855, notice given by the husband alone, was sufficient. *Barton & wife* v. *Montpelier*, 30 Vt. 650. *Church & wife* v. *Westminster*, 45 Vt. 380, in which it was held that notice by the wife alone, she being the party injured, was sufficient, in no way militates against *Barton & wife* v. *Montpelier*.

The notice sufficiently describes " the place where " the accident happened. In *Clapp* v. *Burlington*, 42 Vt. 579, the court held that the same words, as used in United States statute providing for the taxation of national banks, meant the state in which

the bank was located. The notice was sufficient to enable the selectman to find the place where the accident happened, and put the town in the way of realizing all the benefits ever designed by the legislature to be derived from notice. *Barton & wife* v. *Montpelier, supra; Kent* v. *Lincoln,* 32 Vt. 591; *Matthie* v. *Barton,* 40 Vt. 286.

It will, no doubt, be contended, that *Law* v. *Fairfield,* 46 Vt.. 425, and *Underhill* v. *Washington,* Ib. 767, are conclusive upon this point. But a careful examination of those cases will show otherwise. The evidence in the case at bar, detailed in the exceptions, and which was received without objection, was introduced, not for the purpose of supplying a legal requirement omitted in the written notice, but to establish the fact that the notice embraced all those legal requirements in this, that it was sufficiently definite to put the town in the way of realizing all the benefits and advantages that a notice more certain and minute in its description of the place where the accident happened, might do. We had a right to show that the town, when it objected to the sufficiency of the notice, was dealing unfairly by us; we did show it without objection: and the showing made our notice complete, according to the true intendment and spirit of the law.

*C. N. Davenport,* for the defendant.

The act of 1870 bars any action against a town, of this character, unless notice is given *in writing* within thirty days, " *by the person injured or claiming damage,* stating the time when and the *place where* such injury was received, and that he or *she so injured* or damaged *will claim satisfaction* of such town." In the case at bar, the wife is " the person injured." She asserts a claim for damage. It is her personal damages alone that this suit will reach. She is the meritorious cause of action. The action would survive to her in case of her husband's death, and not to him in case of hers. The damages when recovered belong to the wife. He is joined in obedience to a technical rule of law, because he is her husband—not because he has any right to the damages she may recover, unless she sees fit to permit him to reduce them to possession. He cannot discharge the suit without her consent.

66

She must give the statute notice. *Matthie* v. *Barton*, 40 Vt. 286 ; *Church & wife* v. *Westminster*, 45 Vt. 380 ; *Chase & wife* v. *Galpin & wife*, not reported. The notice proved is simply a notice of the husband's claim for damages resulting to him, from his broken sleigh, and from the loss of the service of his wife, expenses of her cure, &c.

The notice is also fatally defective in that it does not specify the " place where such injury was received." It is a notice of an accident that " happened on the Green-River road." The case shows that what is called the Green-River road, commences in Halifax, extends from thence along the banks of the Green River to Massachusetts line, and then to Greenfield, a distance of twenty miles, and that five miles of this road is in the town of Guilford. It will be observed that the notice fails to designate whether the place on the Green-River road where the accident happened, was in Halifax, Guilford, Coleraine, or Greenfield. It may be inferred that it was in Guilford, from the fact that he addressed his letter to the selectmen of Guilford. But if the notice had named the town of Guilford, it would still, in view of the fact that there are five miles of Green-River road in that town, be fatally defective. So general a statement of the " place where," does not answer the requirements of the statute. *Law* v. *Fairfield*, 46 Vt. 425 ; *Underhill* v. *Washington*, Ib. 767. Nor can the defect in the notice be cured by the parol evidence introduced. *Underhill* v. *Washington*, *supra*. Nor was it competent for Bullock to waive the written notice. That is required by the statute, to protect the town. A selectman is a competent officer to receive the notice, but has no power to waive the right of the town to have it, or to excuse a claimant for damages from giving it.

The opinion of the court was delivered by

Ross, J. The only designation of the place where the injury was received, contained in the written notice, is, that the " accident happened on the Green-River road." It appears that what was denominated the Green-River road, has one of its termini in the town of Halifax, and the other in Greenfield, Massachusetts, covering a distance of about twenty miles, and that it extends

through the town of Guilford, along the banks of Green River, a distance of some five miles. Giving to the language of the notice the construction most favorable for the plaintiffs, it does not point out any definite place on this entire five miles of the road. The authorities of the town must search the whole length of the five miles of road, to find the insufficiency which caused the accident; and then not be sure that the locality which they might fix upon, would be the one causing the accident. The plaintiffs might fix upon, and give evidence in regard to, any other locality within the five miles. As announced in *Law* v. *Fairfield*, 46 Vt. 425, we think the object and purpose of the law was, to compel the party receiving injury and claiming damage, to point out by the written notice the exact locality on the highway causing the injury, with as much precision as he or she could reasonably do, having reference to the natural objects by which the locality could be described, and the knowledge which he or she had, or might reasonably have, of the locality, and the existence of such objects. The object and purpose of the statute was, to place the parties on an equality as far as might be, in regard to a knowledge of the locality causing the injury, and to confine the party injured, in his evidence, to a certain place, as the place causing the injury. The written notice is to contain all the information which the party is bound to communicate to the town authorities. If he volunteer oral information, he is not bound by it, and it cannot answer the positive requirement of the statute that the notice shall be in writing. The plaintiffs lived on the Green-River road in the defendant town. It is fair to presume, until the contrary is shown, that they were acquainted with the precise locality causing the accident, and the natural objects by which it could have been definitely pointed out. No facts are stated in the exceptions that tend to show any excuse for a notice so indefinite, and including so extensive locality. We find no error in the holding of the county court that the notice was insufficient for this reason.

II. The defendant also claims that the notice is insufficient because it is signed by the husband alone. The language of the notice is broad enough to cover both the damages which resulted to him, and those which resulted to his wife, from the accident.

As he must, while living, join in the suit for the recovery of the damages resulting to the wife, and as he is the only person known to the law who can properly institute and prosecute such suit while she is under the disability of coverture, he may, we think, fairly be said to be *claiming* those damages, within the spirit and meaning of the statute, so that a notice signed by him alone, if broad enough in its terms to cover the damages to her, is a substantial compliance with the statute, as was decided in *Barton & wife* v. *Montpelier*, 30 Vt. 650.

Judgment affirmed.