# COUNTY OF LAMOILLE,

##### AT THE

## AUGUST TERM, 1881.

##### PRESENT:

HON. HOMER E. ROYCE,
HON. JONATHAN ROSS,
HON. WHEELOCK G. VEAZEY, } ASSISTANT JUDGES.
HON. RUSSELL S. TAFT.

---

## LEWIS J. WHITE & WIFE *v.* THE TOWN OF STOWE.

*Injury on Highway. Notice.*

The following notice was given to the selectmen : "Stowe, Aug. 21, 1874. To the selectmen of Stowe.- I enter complaint for the roads not being what they should be. My wife stepped into a hole in a culvert near the Chas. Hanks place, or where R. W. Demeritt lives, July 22d, and hurt her left limb and back." *Held,* that the notice was insufficient both as to the place where and the time when, the accident happened ; that if the notice does not state that the injury happened on a highway that the town was bound to keep in repair, the selectmen would be justified in disregarding it.

CASE to recover damages for injuries received while travelling on the highway. Trial by jury, December Term, 1879, POWERS, J., presiding. Verdict and judgment for the plaintiffs. The case is stated in the opinion.

*George Wilkins,* for the defendant.

*W. P. Dillingham, Brigham & Waterman* and *V. P. Macutchan,* for the plaintiffs.

The opinion of the court was delivered by

ROYCE, J.    Exception was taken to the *pro forma* ruling of the court that the notice to the defendant town that was put in evidence by the plaintiff was legally sufficient.    The notice was as follows :

"STOWE, Aug. 21, 1874.

" *To the Selectmen of Stowe :*

"I enter complaint for the roads not being what they should be. My wife stepped into a hole in a culvert near the Chas. Hanks place, or where R. W. Demeritt lives, July 22d, and hurt her left limb and back, and I wish you to come and settle the damage.    L. J. WHITE."

The defendant objected to said notice, and claimed that it was insufficient and invalid, for the reason that it did not contain a suitable and sufficient statement, designation and description of the time when and the place where the alleged injury was received, nor any statement that the same was received at any time by reason of the insufficiency or want of repair of any highway in the town of Stowe.

The act passed in 1870, and which was in force at the time of the alleged injury, provided that no action should be thereafter had or maintained in any court in this State against any town for injuries received or damages sustained through the insufficiency of any highway or bridge, unless notice shall have first been given in writing to one or more of the selectmen of the town in which the highway or bridge is situated, by the person injured or claiming damage, within thirty days of the occurrence of such injury or damage, stating the time when and the place where such injury was received ; and that he or she so injured or damaged will claim satisfaction of such town.    Previous to the passage of that act a party sustaining injury through the insufficiency of a highway or bridge, was only required to give notice within thirty days that he should claim satisfaction of the town.    The notice was not required to be in writing, or to state the time or place of

the happening of the injury. The purpose of the Legislature in the enactment of the statute of 1870 is forcibly and clearly stated in the opinion by Ross, J., in *Law* v. *Fairfield*, 46 Vt. 425 ; and is repeated by the same judge in *Babcock & Wife* v. *Guilford*, 47 Vt. 519 ; and in *Underhill* v. *Washington*, 46 Vt. 767, it is said by REDFIELD, J., that the act of 1870 was evidently intended to place the fact of notice beyond dispute, and to require the time and place of injury to be made specific.

The benefit that it was designed towns should derive from the giving of the notice required by the act of 1870, was that they might be advised of the kind and character of claims that might be made against them and prepare their defense ; and in order that the notice may be of value to them for that purpose, the time and place of injury must be made specific. It must be so certain in description of time and place as to impose a duty upon the selectmen to investigate the claim. If the notice does not state that the injury happened on a highway that the town was bound to keep in repair, the selectmen would be justified in disregarding it. So, if the notice does not state that the injury happened within thirty days next preceding its receipt, they might well say that the injured party had no claim against the town.

This court has frequently passed upon the question of the sufficiency of notices under the acts of 1870 and 1874, in the description given of the place where the injury happened ; and it has been held that the notice should point as directly and plainly to the place as was reasonably practicable, having regard to its character and its surroundings ; and that no more definite rule could be prescribed. It has never been held that a notice which omitted to state that the injury happened upon a highway was sufficient ; and there is no reason why the statement of the time when the injury happened should not be made definite and certain.

The notice that was received in evidence in this case begins by saying : " I enter complaint for the roads not being what they should be," without stating the respect in which they were deficient or making any reference to the roads about which the complaint was made, and with nothing to show that roads in the town of Stowe were meant, except that it was dated at Stowe and directed to the se-

lectmen of that town. After a period it then states that the writer's wife stepped into a hole in a culvert near the Chas. Hanks place, or where R. W. Demeritt lives, July 22d, and describes the injury she received. It was held in *Underhill* v. *Washington*, *supra*, that parol evidence was not admissible to supply a legal requirement of a written notice; so that the sufficiency of the notice has to be determined without reference to anything which transpired subsequently to its receipt. Testing the notice by what it contained, it was manifestly defective in omitting to state with the required certainty the time when the injury was received, and that it was received upon a highway in the defendant town. The date given might as well refer to some previous year as the year in which the notice is dated. The designation of the place where the injury was received, as being a hole in a culvert, without saying that the culvert formed a part of any highway in the defendant town, or describing where it was, only by reference to Hanks' place or where Demeritt lives, was not sufficiently definite and certain to answer the requirements of the statute. It did not give such notice to the town as this court has always held towns were entitled to have.

The judgment is reversed and cause remanded.