JAMES D. BARTLETT & WIFE *v.* TOWN OF CABOT.

*Highway.    Notice.    Practice.*

1. The language of the notice as to the personal injury was : " greatly injured her head, neck, back, hips and limbs," &c.; as to the defect in the highway : " said horse became frightened by a load of lumber on a cart standing in said highway near said Bolton's house, and overturned said buggy," . . . . which injury was occasioned by the want of repair and insufficiency of said highway at said place." *Held*, that both descriptions were insufficient.
2. The notice being fatally defective on its face a *general exception* to its admission as evidence is available ; especially so, as the plaintiff at the time made no request that the defendant point out specifically his objections.
3. The trial court and the party offering a paper as evidence may waive pointing out the reasons for objecting to its admission.

TRIAL by jury, December Term, 1880, Orange County, POWERS, J., presiding ; and verdict for the plaintiff. Action on the case for an injury to the female plaintiff caused by the alleged insufficiency in the highway. The notice is given in full in the opinion, so far as it affects the questions discussed by the court ; and the case is stated in the opinion.

*J. P. Lamson* and *Belden & Ide,* for the defendants, cited on the question of notice *Pratt* v. *Sherburne,* 53 Vt. 370 ; 52 Ib. 536 ; 51 Ib. 275 ; and that the load of lumber was not a defect in the highway. *Crosby* v. *Boston,* 118 Mass. 73 ; *Morris* v. *Lynn,* 124 Ib. 170 ; 124 Ib. 289 ; 102 Ib. 334, 531 ; 107 Ib. 267 ; 21 Pick. 297 ; 4 Iowa, 199 ; 85 Penn. St. 275.

*Heath & Carleton,* for the plaintiff, cited *State* v. *Preston,* 48 Vt. 12, and *Sequin* v. *Peterson,* 45 Vt. 255, on the point that the defendant should have made specific objections to the admission of the notice when first offered ; and as to the load of lumber being a defect in the highway. *Morse & Wife* v. *Richmond,* 41 Vt. 435 ; 48 N. H. 18 ; 6 East, 427, 465 ; 1 Serg. & Rawle, 217 ; 1 Denio, 524.

The opinion of the court was delivered by

Ross, J. The language of the notice descriptive of the personal injuries of the plaintiff wife is, " greatly injured her head, neck, back, hips and limbs so that her life was greatly despaired of." This is almost the exact language of the notice in *Pratt* v. *Sherburne,* 53 Vt. 370, which was held insufficient. The language of the notice in *Perry* v. *Putney,* 52 Vt. 536, was in substance and legal effect as definite and certain in describing the plaintiff's injuries in that case as is the language of the notice in the present case, and yet it was adjudged by this court to be too indefinite and uncertain, to be a compliance with the statute. On the authority of those cases, this notice must be held to be insufficient and fatally defective in describing the injuries for which compensation is sought to be recovered.

We think that the notice is also fatally defective in its attempted description of the insufficiency of the highway causing the accident and injury. The statute requires that the notice among other things shall point out " *the respect* or *particular* in which said highway, road or bridge was insufficient or out of repair." The notice, after giving the location of the highway, and stating that the plaintiff wife was passing over the same with a horse and buggy, says : " said horse became frightened by a load of lumber on a cart standing in said highway, near said Bolton's house, and overturned said buggy " ; and after describing her injuries in general terms, it then proceeds to state : " which injury was occasioned by the want of repair and insufficiency of said highway at said place above described." It entirely fails to state the " *respect* or particular," in which the highway was insufficient and out of repair. Whether the insufficiency was a narrowness of the

travelled and wrought portion of the highway at that point, or a hole, or a rut, or a rock, or the load of lumber or some other obstruction, is not stated, and is left wholly to conjecture. It totally fails to point out the *respect* or *particular* in which the insufficiency consists, and so fails to answer the requirements of the statute. For both of these reasons the notice is fatally defective. It is contended by the plaintiffs that the sufficiency of the notice is not open for consideration under the exceptions. When the plaintiffs offered the notice in evidence, the defendant objected to its admission in evidence. The court received it in evidence, to which the defendant excepted. The exceptions do not show that the defendant pointed out or was asked to point out, the particulars in which it claimed the notice was defective, nor to give the reasons why it claimed the notice was inadmissible ; nor do they show that this was not done by the defendant's counsel. It is not to be presumed that this exception was improperly or incorrectly taken, when there is nothing in the exceptions to show that any unfair advantage was taken of the court, or of the plaintiffs by the way the exceptions were taken. The notice being fatally defective upon its face, and such defects, being apparent upon its inspection, the defendant's rights were saved by a general exception to the admission of the notice in evidence. When a paper is offered in evidence and a general objection is made to its admissibility, the court and the party offering it in evidence have the right to require the objecting party to point out the particular in which he claims the inadmissibility consists, so that the attention of the court may be at once directed to the ground on which the objection rests, and that the opposite party may judge whether he will put the paper in evidence or supply its place, if he can, by other testimony to the admission of which no well-grounded exception can be taken. The court in the hurry of the trial cannot be expected to stop the trial, that it may examine critically every paper offered, and determine its admissibility unaided by counsel who have made it a study, and determined upon the objections that may be taken by reference to authorities. The court has the right to have the objections relied upon pointed out, and the authorities to sustain the objections cited, that it may act promptly and intel-

ligently. Where the objections are thus pointed out and stated in the exceptions, ordinarily the excepting party would be confined in this court to the precise objections passed upon by the trial court. The trial court and the party offering the paper may waive the pointing out of the particular objections relied upon by the excepting party, and allow a general exception to the admissibility of the paper or testimony admitted. On such general exception the excepting party is at liberty to urge any legal objection to the admissibility of the evidence. Such is the exception in this case; and on this exception the notice must be held to be fatally defective. This decision in regard to the notice renders the consideration of the other exceptions urged by the defendant unnecessary.

The judgment of the County Court is reversed, and the cause remanded.