## GEORGE H. FARNSWORTH *v.* TOWN OF MOUNT HOLLY.

*Damages through insufficiency of highway. Notice.*

No action can be maintained against a town for damages sustained through the alleged insufficiency of a culvert, if the preliminary notice to the selectmen, required by No. 13, s. 4, Acts 1882, does not state that the culvert was upon a public highway within the defendant town, and the respect in which it was insufficient.

Action on the case to recover damages for alleged injuries to plaintiff's horses sustained by reason of a defective culvert. Plea, the general issue. Trial by court at the September term, 1890, Taft, J., presiding. The plaintiff offered in evidence the notice, a copy of which appears in the opinion. This the court excluded, as not complying with the statute, and gave judgment for the defendant. The plaintiff excepts.

*Butler & Moloney,* for the plaintiff.

The notice should have been received. To say that the horses "broke through" the plank culvert was to describe the insufficiency.

*Bliss* v. *Whitingham,* 54 Vt. 275.

In the following cases notices as loose as this have been upheld:

*Nurse* v. *Victory,* 51·Vt. 275; *Pratt* v. *Shelburne,* 53 Vt. 370; *Knox* v. *Wheelock,* 56 Vt. 192; *Fassett* v. *Roxbury,* 55 Vt. 552; *Reynolds* v. *Burlington,* 52 Vt. 30.

*W. W. Stickney,* for the defendant.

The notice was insufficient.

(*a*)　It did not state that the culvert was situated in the defendant town.

(*b*)　Nor that the town was liable to keep the culvert in repair, nor that it was upon a public highway in the town. *White* v. *Stowe,* 54 Vt. 510; *Willard* v. *Sherburne,* 59 Vt. 361.

(*c*)　It wholly fails to point out the insufficiency.
*Bartlett* v. *Cabot,* 54 Vt. 242.

The opinion of the court was delivered by

THOMPSON, J.　The plaintiff offered in evidence the following notice to defendant town:

　　　　　　　　　　　　　"Rutland, Vt., Sept. 7, 1889.

*W. B. Hoskison, Esq., of Board of Selectmen for Mt. Holly,*
　*Healdville, Vt.:*

DEAR SIR:　On Monday, Sept. 4, 1889, while returning from Ludlow my horses broke through the plank culvert between Mr. L. Hoar's house and the house just beyond towards Mt. Holly P. O.　Both of them went through and both of them were more or less injured, and both lame.　The gray horse's legs are swollen and sore, and he is quite lame, but I think will come out of it soon.　The black mare strained her hock and is some lame and her hock is enlarged; I am afraid it will not be quite right again, which result would interfere to quite an extent with her value.　You may consider this as a notice that I shall claim damages, but I do not know how much yet.　I notified a man working on road of the condition of the culvert, *i. e.,* that it was unsafe.　If you are up this way soon please call and see me. ·

　　　　　　　　　　Very resp'y,

　　　　　　　　　　　G. H. FARNSWORTH, V. S."

　　The court excluded this notice upon the ground that it was not in compliance with the statute, to which ruling, plaintiff excepted.　No. 13, s. 4 St. 1882, provides that no action shall be maintained against a town for injuries received or damage sustained through the insufficiency of a bridge, culvert or sluice, unless notice is first given in writing, signed by the party so in-

Farnsworth *v.* Mount Holly.

jured or claiming damage, to one or more of the selectmen of the town in which the bridge, culvert or sluice is situated, within twenty days of the time of the occurrence of such injury or damage, stating the time when and the place where the injury was received, and pointing out in what respect the bridge, culvert or sluice was insufficient or out of repair. This notice neither states in what respect the culvert was insufficient or out of repair, nor that it was in the defendant town, nor that the plaintiff at the time of the alleged injury to his horses, was traveling over any highway in defendant town which it was bound by law to keep in repair, nor that said culvert was in such a highway. For its failure to so state, it is clearly insufficient, and the ruling of the court below was correct. To hold otherwise would in effect repeal the statute and overrule the former decisions of this court on this subject. *Bartlett* v. *Cabot*, 54 Vt. 242; *White* v. *Stowe*, 54 Vt. 510.

*Judgment that the notice is insufficient affirmed, and cause remanded.*