EDWARD SKINNER *v.* TOWN OF WEATHERSFIELD.

January Term, 1906.

Present: ROWELL, C. J., TYLER, MUNSON, WATSON, and MILES, JJ.

Opinion filed February 16, 1906.

*Towns—Highways and Bridges—Injury to Traveller—Notice to Selectmen—Sufficiency—V. S. 3492.*

In an action against a town to recover for injuries received by reason of the alleged insufficiency of a certain bridge, it appeared that the

written notice given by plaintiff to the selectmen, in compliance with the requirement of V. S. 3492, stated that on the day named therein plaintiff was "travelling on and over a highway and bridge in said town, * * * said bridge being upon said highway between the dwelling house and the grist mill of Leonard Bailey, and about one hundred feet south-easterly of said dwelling house, and thirty-seven feet south-westerly of the shed attached to said Bailey's grist mill." *Held*, that said notice sufficiently shows that said bridge formed a part of a public highway in said town which it was bound by law to keep in repair.

When the notice fairly informs the selectmen that the highway about which complaint is made is in their town, it sufficiently informs them that it is also a highway which the town is required by law to keep in repair.

*White* v. *Stowe*, 54 Vt. 510; *Farnsworth* v. *Mount Holly*, 63 Vt. 293, and *Page* v. *Weathersfield*, 13 Vt. 424, distinguished and explained.

CASE for injuries caused by a defective bridge. Plea, the general issue. Trial by jury at the June Term, 1905, Windsor County, *Haselton*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion sufficiently states the notice.

*J. C. Enright,* and *E. R. Buck* for the defendant.

*Davis & Davis,* and *John Sargent* for the plaintiff.

The notice is sufficient. *Fassett* v. *Roxbury,* 55 Vt. 552; *Reynolds* v. *Burlington,* 52 Vt. 300; *Ranney* v. *Sheffield,* 49 Vt. 191; *Lawton* v. *Weathersfield,* 74 Vt. 14; *Pratt* v. *Sherburne,* 53 Vt. 370; *Bliss* v. *Whitingham,* 54 Vt. 172; *Babcock et al.* v. *Guilford,* 47 Vt. 519, 523; *Reed* v. *Calais,* 48 Vt. 7; *Halcomb et al.* v. *Danby,* 51 Vt. 428; *Farnsworth* v. *Mount Holly,* 63 Vt. 293; *Cook* v. *Barton,* 63 Vt. 566, 569; *Tinkham* v. *Stockbridge,* 64 Vt. 487; *White* v. *Stowe,* 54 Vt. 510.

The word "highway" means a public road. 1 Rapal. & Law. Dict. 680, 947.

WATSON, J. The only question presented is as to the sufficiency of the notice. The defendant contends that this is defective in that it does not state that the bridge mentioned therein formed part of any public highway which the defendant town was bound by law to keep in repair. The notice is directed to the selectmen of the town of Weathersfield, and states that on the day named the plaintiff was "travelling on and over a highway and bridge in said town, * * * said bridge being upon said highway between the dwelling house and the grist mill of Leonard Bailey, and about one hundred feet southeasterly of said dwelling house and 'thirty-seven feet southwesterly of the shed attached to said Bailey's grist mill."

It sufficiently appears therefrom that the bridge formed a part of the highway mentioned, and the location of the bridge is very specifically given. A compliance with the statute requires nothing more in this respect to make the notice sufficient. *White* v. *Stowe,* 54 Vt. 510, and *Farnsworth* v. *Mount Holly,* 63 Vt. 293, 22 Atl. 459, are relied upon by the defendant as authorities supporting its contention. But a careful examination of these cases shows that they are not in conflict with the above holding. In the former case the notice did not show the highway where the accident took place to be within the defendant town. The court said the notice "must be so certain in description of time and place as to impose a duty upon the selectmen to investigate the claim. If the notice does not state that the injury happened on a highway that the town was bound to keep in repair, the selectmen would be justified in disregarding it." Construing these two clauses together, manifestly the Court meant by what it said in the latter that the notice must be such as will give the selectmen to understand that the accident was on a highway which the town was required by law to keep in repair. And this it does when

it fairly shows to them that the highway about which complaint
is made is in their town.  Among others, the same defect was-
found in the notice in *Farnsworth* v. *Mount Holly,* and in dis-
posing of the case the Court used substantially the same ex-
pression regarding the highway being one which the town
was bound to keep in repair as is used in the second clause
above quoted from *White* v. *Stowe,* but it is used in the same
sense and has no other significance.   It is urged, however,
that there is a distinction between a "highway" and a "public
highway," consequently that to use only the term "highway"
in a notice does not imply a road which the town is obliged to
keep in repair, and we are referred to *Page* v. *Weathersfield,*
13 Vt. 424, as making such distinction.   In that case the acci-
dent happened on a private way leading to a certain grist mill,
and the terms "highway" and "public highway" are used syn-
onymously signifying a way laid out or adopted by the town,
as distinguished from a private way opened by individuals for
the benefit of themselves and their customers, and which the
town could not discontinue, shut up, or control in any way.
The case does not have the force claimed for it in argument.
In *State* v. *Wilkinson,* 2 Vt. 480, the respondent was indicted
for unlawfully erecting a building "in, and upon, a certain
public square, and in the common highway there called the
public square," in the village of St. Albans.   The case was
heard in this Court on exceptions taken during the trial and
to the overruling of a motion in arrest of judgment.   It ap-
pears that whether a way created as the one there in question
was, imposed upon the town the charge of keeping it in repair,
was a point much argued.   It was held that if the *locus in quo*
was a highway, it was a franchise belonging to all the people,
and an indictment would lie for any obstruction of it.   The
Court said: "A highway, according to the common law, is a

place in which all the people have a right to pass. A common street and public highway are the same, and any way, which is common to all the people, may be called a highway." The exceptions were overruled. And in *French* v. *Barre*, 58 Vt. 567, 5 Atl. 568, it is said that all highways, whether open roads, cross-roads, lanes, or pent roads, are public highways.

*Judgment affirmed.*