E. Janette Louthood *v.* Town of Cambridge.

February Term, 1921.

Present:  Watson, C. J., Powers, Taylor, Miles, and Slack, JJ.

Opinion filed November 1, 1921.

*Highways—Notice to Selectmen of Injuries Not Stating Year*
    *Insufficient—Complaint Need Not Allege Notice to Select-*
    *men—Unnecessary Allegation Not Surplusage When It*
    *Shows That Plaintiff Has No Cause of Action.*

1.  A notice to the selectmen of a town of injuries caused by an alleged
        defective bridge, which was dated July 3, 1919, and stated tha

the injuries were received on Sunday, June 15th, without stating the year, was insufficient to comply with the requirement of G. L. 4617, that the time he stated.

2. A complaint against a town for injuries caused by an alleged defective bridge need not allege the giving of notice of such injuries to the selectmen.

3. The allegation of such a notice in the complaint cannot be rejected as surplusage, where the notice as alleged was so defective that the plaintiff had no cause of action.

ACTION OF TORT to recover for injuries received through the alleged insufficiency of a bridge. Heard on defendant's demurrer to plaintiff's complaint at the September Term, 1920, Orleans County, *Fish,* J., presiding. Judgment overruling the demurrer and adjudging the complaint to be sufficient. The defendant excepted. The opinion states the case.

*F. G. Fleetwood* for the defendant.

*J. W. Redmond* for the plaintiff.

WATSON, C. J.     The plaintiff seeks to recover for alleged injuries caused by the insufficiency or want of repair of a bridge which the defendant town is liable to keep in repair. The amended complaint is challenged by demurrer, specifying as the reason that the notice given to the selectmen of the town, as set forth in the complaint, does not state the time of the occurrence of such injuries. The demurrer was overruled and the complaint adjudged sufficient. To this ruling an exception was allowed, and the cause passed to this Court before final judgment.

[1]     The complaint alleges that on July 3, 1919, the plaintiff caused to be delivered to the selectmen of defendant town, a notice in writing, signed by her, in the words and figures following, and that no other notice was ever delivered to said selectmen or either of them. The notice, then set forth in full, dated July 3, 1919, states the time when the injuries were received, as "at about ten o'clock on Sunday night, June 15th"—no year being stated.

Plaintiff argues, in effect, that since the notice is dated July 3, 1919, one would understand the phrase therein, "at about ten o'clock on Sunday night, June 15th," to mean June 15, 1919,

for one "would have to go back six years to find another June 15th on Sunday"; and consequently that the notice is sufficient. But selectmen to whom a notice of this character is given, are not supposed to enter upon such calendarial reckoning to ascertain the time the injury was received,—the statute requires the time to be stated in the notice (G. L. 4617), and if not so stated it cannot be otherwise supplied. *Underhill* v. *Washington,* 46 Vt. 767. There was no reason why the year could not be specifically stated, and without it the notice showed no definite time of the occurrence. In this respect the notice in question is not materially different from the one involved in *White* v. *Stowe,* 54 Vt. 510, which for this reason (as well as others) was held to be insufficient. The only difference between the two, in stating the time the injury was received, is that the notice in the instant case states the day of the week, while that in the other case mentioned did not; but this difference has no reference to the year. We see no reason for departing from the holding there had.

· [2, 3] Allegations of the notice given were unnecessary to the complaint (*Kent* v. *Lincoln,* 32 Vt. 591; *Herrick* v. *Holland,* 83 Vt. 502, 77 Atl. 6); yet, since such allegations, though surplusage, show the notice to have been so defective that the plaintiff had no cause of action, the complaint is bad on demurrer. Com. Dig. Pleader, c. 29. Mr. Tidd, speaking of the rules of pleading governing the statement of the cause of action, says "surplusage will not vitiate, except where it defeats the action." 1 Tidd's Pr. *451. And Mr. Chitty says: "It is a material part of the rule respecting surplus allegations, that if the party introducing them show, on the face of his own pleading, that he has no cause of action, his pleading will be defective." 1 Chit. Pl. *231. In such case "the superfluous matter cannot be *rejected as immaterial;* since it shows that the pleader has, according to his own statement, no cause of action, or no defence." Gould's Pl. Ch. III, § 171.

Since the failure to give a notice answering the requirements of the statute, is fatal to the plaintiff's right of recovery, final judgment will follow.

*Judgment reversed, demurrer sustained, complaint adjudged insufficient, and judgment for defendant to recover its costs.*

MILES, J.; dissenting. I am unable to agree with my asso-
ciates that the notice in this case is insufficient. It is treated by
the parties, as well as by the majority of the Court, with whom,
in this regard, I agree, as a part of the complaint that could be
reached by a demurrer, though unnecessarily alleged. As an
allegation in pleading, it is in substance as follows: On July
3, 1919, the plaintiff notified the defendant that about ten o'clock
on Sunday night, June 15, she received the injury of which she
complains, etc. Thus construed, the year being expressed in the
independent clause of the sentence, it is obviously understood in
the subordinate clause of that same sentence that the facts there-
in stated occurred in the same year as that already stated in the
same sentence. The rule stated in *Royce* v. *Maloney,* 58 Vt.
437, 5 Atl. 395, and *Parker* v. *Burgess,* 64 Vt. 442, 24 Atl. 743,
may well apply in this case. There it is said that "when several
facts are stated in one continuous sentence, or in several sen-
tences connected by the conjunction 'and', time, though alleged
but once, applies to every fact." Though the clauses in this
case are not connected by the conjunction "and", they are, how-
ever, connected by the conjunction "that", which makes a closer
connection between the clauses here than was made by the con-
junction "and" in the cases above cited.

There is another reason why I cannot agree with my asso-
ciates that the notice of the time when the accident happened is
insufficient. This Court has said in *Law* v. *Fairfield,* 46 Vt. 425,
that the purpose of the statute in requiring written notice to be
given by the injured party to the defendant town, stating the
time and place of the injury, was to "reasonably inform the
town of the locality in which the insufficient highway causing
the injury existed, so that the officers of the town, immediately
after the injury, and before the surface of the highway had ma-
terially changed, might examine the place causing the injury and
judge of the sufficiency or insufficiency of the highway at that
point, and thus be prepared to resist or yield to the claim of the
injured party." That case is cited approvingly in *Babcock et
ux.* v. *Guilford,* 47 Vt. 519. Thus the test is: Did the plaintiff
give *reasonable* notice to the defendant of the time when the
injury was received? As has been stated above, she gave the day
of the month and the month of the year. It was Sunday, June
15th. The selectmen of the defendant must have known when
they received the notice of the injury on July 3, 1919, that Sun-

day, June 15th, occurred in 1919. That date was so recent before the notice was given, it must be presumed they had it in mind when the notice was received. They must also have known that for all practical purposes a year consists of fifty-two weeks and one and one-fourth days, and that, in reckoning time, three years are considered as containing fifty-two weeks and one day, and the fourth year as containing fifty-two weeks and two days. Knowing this, the selectmen could not fail of knowing that in every year of fifty-two weeks and one day, the day of the week in each succeeding year is advanced one day, and in years of fifty-two weeks and two days, the day of the week is advanced two days. Hence the selectmen must have known that Sunday, June 15th, could not have occurred before Sunday, June 15, 1919, later than June 15, 1913. As reasonable men, they could not have been mislead by the notice into believing that the accident happened in any other year than 1919. No question is made but that the notice is perfect in all respects except in the statement of the time when the accident happened. It thus bears all the marks of having been written by one familiar with the requirements of the statute, and, this appearing upon the face of the notice, no reasonable person can be presumed to have been mislead into the belief that the notice may have been given more than six years after the accident had happened, and after the statute of limitation had run upon the cause of action.

The majority turn the case upon *White* v. *Stowe,* 54 Vt. 510. The notice in that case bears no resemblance to the one in this case. In that case the notice was as follows: "Stowe, Aug. 21, 1874. To the selectmen of Stowe. I enter complaint for the roads not being what they should be. My wife stepped into a hole in a culvert near the Chas. Hanks place, or where R. W. Demeritt lives, July 22d, and hurt her left limb and back." That that notice was insufficient no one can doubt. It contained nothing that the law required. It failed to state that the accident happened in the town of Stowe. As stated by the Court, in disposing of the case, it contained nothing respecting the manner in which the highways were defective, and made no reference to the road about which the complaint was made. Besides the decision did not turn alone upon the failure to state the time sufficiently certain. That was only one of the reasons stated for holding the notice insufficient. The Court say: "The date given might as well refer to *some* previous year as the year in which

the notice is dated.'' That cannot be said of the notice in this case, which could only refer to Sunday, June 15, 1919, or to Sunday, June 15th in some specific year preceding that year. The word ''some'' is there used in the sense of ''any'', and will apply to any year preceding the date of the notice; while in this case the date in the notice can only apply to the years 1919, 1913, and so on in past time.

Stress is placed upon the fact that the time of the accident stated in the notice could have been made more definite if the year had been stated, and hence the notice is defective. Assuming that, if the year had been stated, the notice would have been more definite, which I do not concede, it does not follow that the notice is so indefinite as to defeat the plaintiff's right to recover. In *Willey* v. *Berlin,* cited in *Ranney* v. *Sheffield,* 49 Vt. 191, not otherwise reported, the Court held the notice sufficient where it specified the road and then the place of injury on the road, as being below Albert Warren's in the town of Berlin. The proof on the trial showed that there was considerable space of road below Warren's in Berlin that would be included in the place named in the notice, and that there were several other objects as prominent as Warren's nearer than his place to the point of injury so that the plaintiff could have been more specific than he was; and yet the Court held the notice sufficient and the plaintiff entitled to recover under it. That case was cited approvingly by the Court in the Ranney Case. It is not enough to defeat the plaintiff's right to recover, that the notice could have been made more specific. If it reasonably informed the defendant of the time the accident happened, that was enough. It was not the intent of the Legislature in the passage of this act requiring notice to be given of the time of the accident, to make it unreasonably difficult for a person injured through the negligence of a town to make out his case. It was passed to prevent an undue advantage being taken of the town, and to place the defendant and plaintiff on an equal footing as to their rights. If the selectmen reasonably understood what the notice meant, they had no right to sit back upon the technicality in the omission of a single word that is fairly inferable from what precedes the omission. I would affirm the judgment below.