PHOEBE B. CUSHMAN *v.* TOWN OF BRISTOL.

February Term, 1941.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed May 13, 1941.

*Wayne C. Bosworth* for defendant.

*Ezra S. Dike* for plaintiff.

JEFFORDS, J. The sole question in the case involves the sufficiency of the notice given by plaintiff to defendant under P. L. 4958. The notice was as follows:

"Bristol, Vermont
September 2, 1940

Selectmen of the Town
of Bristol,
Bristol, Vermont

Gentlemen:

You are hereby notified as provided by Section 4958 of the Public Laws of Vermont that I will claim satisfaction of the Town of Bristol for injuries sustained by reason of the insufficiency of the bridge at the foot of Mill Hill, so-called, in said town of Bristol, at 1.15 on the 14th day of August 1940. Said injuries were caused by the insufficiency of said bridge, in that the planking on floor of said bridge was rotten and that said planking broke through while I was walking over and lawfully using said bridge.

As provided by Section 4959 of said Public Laws of Vermont you are hereby notified that I received a severely bruised left leg and was severely shaken up and bruised in divers other parts of the body, and was subjected to great pain and suffering, and obliged to spend large sums of money for medical bills, to-wit, ten dollars. No claim for future damages on health by reason of said injuries.

Very truly yours,
Phoebe Cushman."

That part of P. L. 4958 here material reads as follows:

> ''An action shall not be had or maintained in any court against a town for injuries received or damages sustained through the insufficiency of a bridge or culvert, unless notice is first given in writing, signed by the party so injured or claiming damage, to one or more of the selectmen of the town in which the bridge or culvert is situated, within twenty days of the time of the occurrence of such injury or damage, stating the time when and the place where the injury was received, and pointing out in what respect the bridge or culvert was insufficient or out of repair, and stating that such person will claim satisfaction of the town.''

P. L. 4959 requires a description of the injuries received or damages sustained.

The defendant in its answer set forth the notice and claimed that it was insufficient. The plaintiff by replication alleged its sufficiency, whereupon the defendant demurred to the replication setting forth as grounds of the demurrer that the notice failed to state that the bridge described therein was one for the care and maintenance of which the defendant had responsibility or that the said bridge was located in any highway. The court overruled the demurrer and passed the cause to this Court before final judgment pursuant to P. L. 2072.

P. L. 4958 does not require in express terms that the notice state that the bridge or culvert therein referred to is one that the town from which satisfaction is claimed is bound to keep in repair. The defendant, however, relies on *Farnsworth* v. *Mount Holly*, 63 Vt. 293, 22 Atl. 459, and *White et ux.* v. *Stowe*, 54 Vt. 510. It is true that it was said in these cases in construing the statute similar in all respects here material to P. L. 4958 that a notice given under the statute was defective if it did not state that the injury happened on a highway which the town was bound to keep in repair and if not so stated the selectmen would be justified in disregarding the notice. In *Skinner* v. *Weathersfield*, 78 Vt. 410, 63 Atl. 142, the Court in construing the language used in the two above cases said that what was meant was that the notice must be such as will give the selectmen to understand that the accident was on a highway which the town was

required by law to keep in repair. The Court held that this requirement was satisfied when the notice fairly shows the selectmen that the highway about which complaint is made is in their town. See, also, *Graves* v. *Waitsfield*, 81 Vt. 84, 91, 69 Atl. 137. In *Castle* v. *Guilford*, 86 Vt. 540, 86 Atl. 804, the claim was made, as here, that the notice was defective because it did not state in terms that the bridge was one that the defendant town was bound to keep in repair. In rejecting it the Court said at page 544.

> "Some color is given to this claim by the language used in *Farnsworth* v. *Mount Holly*, 63 Vt. 293, 22 Atl. 459, and in *White* v. *Stowe*, 54 Vt. 510. But the statute prescribes what the notice shall contain and requires no instruction to be given to the town as to its legal duty. *Skinner* v. *Weathersfield*, 78 Vt. 410, 63 Atl. 142; *Graves* v. *Waitsfield*, 81 Vt. 84, 69 Atl. 137."

In each of the last two above cases and in *Castle* v. *Guilford*, *supra*, the notices did state that the accidents happened on highways in the respective towns and such statements were held sufficient to satisfy the requirements of the statute. No such statement appears in the notice in the case at hand nor in those in the *Stowe* and *Mount Holly* cases. In these two latter cases it was not even stated that the accident happened in the town sought to be charged.

It is apparent from what has been said that the first ground of the demurrer is not sustained. Two questions now are presented for consideration. First: Must it be stated in the notice that the accident happened on a highway in their town in order to satisfy this requirement of understanding on the part of the selectmen? Second: If not, is the requirement satisfied in some other manner in the notice here in issue?

The first question must be answered in the negative. Some basis is given to the ground in the demurrer that the notice is deficient because it does not state that the bridge is located on any highway by certain language used in *White* v. *Stowe*, *supra*. In the course of the opinion in that case it is said: "It has never been held that a notice which omitted to state that the injury happened upon a highway was sufficient." No authorities are cited in connection with this statement. Also one

of the various reasons given for holding the notice defective was that it failed to state that the injury was received upon a highway in defendant town. A possible explanation for the use of the referred to language is that at the time the notice in that case was given a town was liable as well for damages caused by the insufficiency of a highway which it was liable to keep in repair as for the insufficiency of a bridge located on such highway. Then, too, the Court discusses the lack of any statement in the notice indicating that the accident happened in the defendant town and it may be that the reason referred to for holding the notice defective was only intended to be a restatement in another form of what had already been said on this subject. But whether or not the use of such language can be reasonably explained is not material. This Court in *Skinner* v. *Weathersfield* in construing other language used in the *Stowe* case correctly pointed out what the statute requires of a notice in the respect here in question. It is apparent that the only purpose of P. L. 4958 on the point here in issue is to require that the selectmen be fairly given to understand by the notice that the bridge or culvert therein referred to is one which their town under its statutory duty is liable to keep in repair. Or to put it another way, as in *Skinner* v. *Weathersfield,* to understand that the accident was on a highway which the town was required by law to keep in repair. Each understanding is equivalent to the other for effecting this purpose of the statute. This requirement of the statute is satisfied by statements that the accidents happened on highways in their respective towns such as appeared in the notices in the *Weathersfield* and like cases heretofore referred to. But an examination of these cases shows that it was not intended to be held in any of them that such a statement must be made in order to have a notice effective or that it was the only method by which the statute could be satisfied in this respect. Certainly, as conceded by the defendant in its brief, if the notice stated in positive terms that the bridge was one which the town was liable to keep in repair it would be sufficient. P. L. 4958 does not provide that the notice shall state in terms that the injury happened on a highway or that the bridge or culvert is located on one in defendant town. Nor does it provide in terms or by reasonable construction that any particular words be used in the notice to convey the information for the required understanding of the selectmen. The

requirements of the statute in this respect are satisfied, as heretofore indicated, if the notice fairly gives them to understand that the bridge or culvert is one which their town is liable to keep in repair under P. L. chapter 205 and the method employed in the notice to convey the required information is not material.

The second question presents more difficulties than did the first. After a careful consideration of P. L. 4958 and of our cases bearing on the point in issue we hold that it must be answered in the affirmative.

■ The defendant admits that the notice satisfies the "place" requirement in the statute in so far as the geographical location of the bridge is concerned but says that from all that appears in the notice the bridge might as well be in a field or pasture on Mill Hill as in a part of the highway on the same. The notice states that the accident happened while plaintiff "was walking over and lawfully using said bridge." It would seem that this language should fairly indicate to the selectmen as persons of reason and intelligence that the bridge was located in a highway in Bristol and not on privately owned property in that town.

■ There is other and more significant language in the notice bearing on this point. In it P. L. 4958 and 4959 are specifically referred to. These specific references to the two sections of the Public Laws required the selectmen to read the same in order to fully understand the notice unless they were already familiar with the provisions of these statutes. From such reading or previous knowledge it must have been apparent to them that the purpose of sec. 4958 was to provide for a notice as a prerequisite to the bringing of the action, the right to which was given by P. L. 4956. These two sections form a part of chapter 205 of the Public Laws which imposes a duty on towns to keep their roads, bridges and culverts in repair. By P. L. 4956 the right of action is given for damages sustained "by reason of the insufficiency or want of repair of a bridge or culvert which the town is liable to keep in repair." It would be idle to say that the selectmen could be familiar with sec. 4958 and not with sec. 4956, especially in view of the dependency of the former section for its very purpose and meaning on the latter. Consequently they must or should have understood that the bridge referred to in sec. 4958 is only such as is set forth in, and limited by, sec. 4956. There can be no question but that if the notice had re-

66

ferred directly to sec. 4956 for a classification of the bridge it would have been sufficient on the point here in issue. It is our opinion that by the indirect reference to P. L. 4956 through the statutes specifically referred to the same result was reached. In this manner, taken in connection with the other language in the notice heretofore discussed the requirements of P. L. 4958 herein set forth were satisfied. It would violate all rules of reason and common sense to hold otherwise and thus permit the selectmen to completely ignore the notice. Certainly it imposed upon them a duty to investigate the claim and ascertain whether the information in the respect here in question which was to be reasonably drawn from the wording of the notice was in fact correct.

Our holdings are supported by *Tinkham* v. *Stockbridge*, 64 Vt. 480, 24 Atl. 761. In that case the notice was very similar to the one here, the bridge being referred to as on or near the foot of a hill in Stockbridge but it was not stated that it was in a highway in that town. The point here in issue was not directly discussed by the Court but at page 487 it is stated that the notice has been criticized as fatally uncertain in respects not referred to in the opinion and it was held that the notice was sufficient.

*Judgment overruling defendant's demurrer is affirmed and cause remanded.*